### JAMES DE FREMERY & CO. v. UNITED STATES.

### PASCAL, DUBEDAT & CO. v. UNITED STATES (four cases).

(Circuit Court, N. D. California. April 13, 1909.)

Nos. 13,552–13,556 (1,642–1,646).

CUSTOMS DUTIES (§ 31*)—MEASUREMENT—GAUGE OF VERMUTH.

Tariff Act July 24, 1897, c. 11, § 1, Schedule H, par. 296, 30 Stat. 174 (U. S. Comp. St. 1901, p. 1654), provides that any excess over one pint or one quart found in bottles of vermuth "shall be subject to a duty of five cents per pint or fractional part thereof." Held, that such duty should be assessed on each bottle containing such excess, rather than on the basis of the total excess per case or per importation.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 31.*]

On Application for Review of Decisions by the Board of United States General Appraisers.

Stanley Jackson, for importers.
Robert T. Devlin, U. S. Atty.

VAN FLEET, District Judge. These cases involve five several appeals from decisions of the Board of General Appraisers sustaining the action of the collector of customs at San Francisco in ascertaining, assessing, and collecting duty on certain importations of vermuth from France. While the appeals are separate, they all involve but one and the same question, and that one of law, the facts not being in controversy, and, having been briefed and submitted as one case, may be so considered.

The importations were by the case of one dozen quart bottles each, and the ascertainment of the duty, except as to the rate, which is fixed by the reciprocity treaty with France, fell within the provisions of Tariff Act July 24, 1897, c. 11, § 1, Schedule H, par. 296, 30 Stat. 174 (U. S. Comp. St. 1901, p. 1654), by the terms of which, so far as pertinent, vermuth is taxed as follows:

"In bottles or jugs, per case of one dozen bottles or jugs, containing each not more than one quart and more than one pint, or twenty-four bottles or jugs containing each not more than one pint, one dollar and sixty cents per case; and any excess beyond these quantities found in such bottles or jugs shall be subject to a duty of five cents per pint or fractional part thereof; but no separate or additional duty shall be assessed on the bottles or jugs."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The bottles being found to contain an excess in quantity over the specified capacity amounting to a fraction of a pint each, the collector construed the paragraph to require the imposition of the excess rate upon each bottle; that is to say, in addition to the prescribed case rate, he imposed the excess duty prescribed by the treaty upon the excess in each bottle of the importation as a fractional pint.

The contention of the importers was that this excess duty should be levied upon the whole or aggregate quantity of the excess found in the importation at the specified rate per pint or fraction thereof, or, as an alternative, that as the unit of duty is the case the duty should be levied on the excess per case at the rate provided, and not on the excess in each bottle assessed separately. Their protests to the Board of General Appraisers having been overruled, they have applied to this court for a revision; the sole question being as to the propriety of the construction thus given the act.

As a matter of first impression the appellants make a strong and persuasive presentation in favor of their construction of the paragraph in question; and their view is sustained by the United States District Court of Porto Rico in the case of United States v. Cerecedo (T. D. 27,706), where the precise point was involved. But unfortunately for that view the decision of the lower court in the Cerecedo Case has, since the submission of these appeals, been reversed by the Supreme Court of the United States (209 U. S. 337, 28 Sup. Ct. 532, 52 L. Ed. 821), and the construction given to the provision by the collector and the Board of General Appraisers sustained. As that case is decisive of the question here, it results that the ruling of the Board of General Appraisers must be affirmed in each instance.

Judgments may be entered accordingly.