### GALATOIRE BROS. v. LINES, Collector of Internal Revenue.

(District Court, E. D. Louisiana, New Orleans Division. February 27, 1926.)

No. 17779.

1. **Internal revenue 38—Court must reach reasonable result in determining question relative to refund of income tax, and allow citizen to pay fair tax.**

In passing on question relative to refund of income taxes, it is duty of court to reach a reasonable result and allow citizen to pay tax, which, under law and facts of case, will be fair and just.

2. **Internal revenue 7—Part of profits for one year only payable as part consideration for 45-months lease cannot all be deducted in determining net income for that year, but must be prorated (Revenue Act Sept. 8, 1916, § 5; Revenue Act 1918 [40 Stat. 1057]; Revenue Act 1921 [42 Stat. 227]; Revenue Act 1924 [43 Stat. 254]; Regulations 33, art. 113).**

Where partnership restaurant lease provided for monthly rental for term of 45 months, and in addition one-half of profits and board for lessor's family for year 1917, the large amount paid by lessees during year 1917 was not all deductable in determining net income for that year under Revenue Act Sept. 8, 1916, § 5, in view of Revenue Acts of 1918, 1921, and 1924, and Regulations 33, art. 113, under Act of Sept. 8, 1916 and Act Oct. 31, 1917, but only an aliquot part thereof, with balance prorated over entire life of lease.

3. **Statutes 219—Construction given act of Congress by executive officers is entitled to great weight, but does not preclude inquiry by courts.**

Contemporaneous construction given to act of Congress by executive officers charged with its enforcement, though not controlling, is entitled to great weight, but does not preclude inquiry by courts as to soundness of such construction.

4. **Internal revenue 38.**

In reaching conclusions in tax case, doubts should be resolved in favor of citizen.

At Law. Action by Galatoire Bros. against D. Arthur Lines, Collector of Internal Revenue. Petition dismissed.

Lemle, Moreno & Lemle, of New Orleans, La., for plaintiff.

F. W. Dewart, of Washington, D. C., and Wayne G. Borah, U. S. Atty., of New Orleans, La., for defendant.

HALE, District Judge. This action comes before the court upon petition of Galatoire Bros., a commercial partnership composed of Justin L. Galatoire, Leon Galatoire, and Jean Gabriel Galatoire, to recover the sum of $9,647.95, taxes paid by the plaintiffs to the defendant for the year 1917.

A statement is agreed to by counsel in open court and made part of the record. It appears that in the autumn of 1916 Jean Galatoire leased to the plaintiffs the premises, to be occupied as a restaurant for the term of 45 months, for the rental of $250 a month and one-half of the profits of the restaurant for the year 1917, and board for Jean Galatoire and his family for the year 1917. The one-half of the profits for the year 1917 amounted to $16,971.63, and the value of the board furnished Jean Galatoire and family for 1917 was $2,736.

The plaintiff seeks to deduct all of these sums, to wit, $16,971.63, one-half of the net profits, and $2,736 (meals furnished), as expenses incurred in the year 1917 from their gross income, in order to give their net income for tax purposes. The Commissioner of Internal Revenue held that these amounts should be regarded as part of the rental paid for the premises, and should be prorated over the 45 months, and not allowed as a deduction during the year 1917, for the full amount, but only for 12/45 thereof.

The tax due under this ruling, to wit, $9,647.95, was paid by Galatoire Bros. After taking the steps provided by statute, namely, filing claim for refund, which was denied by the Commissioner, Galatoire Bros. brought this action to recover the amount so paid.

The Act of September 8, 1916, known as the Internal Revenue Act of 1916, provides, in section 5, that in computing net income, "for the purpose of the tax there shall be allowed as deductions, first, the necessary expenses actually paid in carrying on any business or trade." Comp. St. § 6336e. The later acts of 1918 (40 Stat. 1057), 1921 (42 Stat. 227), and 1924 (43 Stat. 254) have substantially the same provision.

The Revenue Act specifically provides that the Secretary of the Treasury shall issue regulations to carry out the provisions of the law. Regulations 33 were issued under the authority of the acts of September 8, 1916, and of October 3, 1917 (40 Stat.

327). This revision was issued January 2, 1918, and reads as follows:

"Article 113. *Rent or Capital Investment.* Where a leasehold is sold for a specified sum, the purchaser may take as a deduction in his return an aliquot part of such sum, each year, based on the number of years the lease has to run."

The revenue statutes provide that all persons, including partnerships and corporations, shall pay an income tax on their net income. The question before the court is: What constitutes the net income? It is urged by the defendant that, under the plaintiffs' contention, they would pay some $23,000 rental for the premises during the year 1917, and $3,000 a year for the years 1918 and 1919; that the income tax rates were largely increased after the years 1916 and 1917; that, if a party may be allowed to pay his rent in advance in 1917 and deduct from his income all over the sum paid, the result would be that he would pay less taxes than the amount he regularly paid as rental; and that he should be allowed to deduct only the aliquot part thereof each year during the life of the lease.

The defendant contends that the general principle involved in the case was settled by the Supreme Court of the United States in Duffy, Collector, v. Central Railroad of New Jersey (decided April 13, 1925) 45 S. Ct. 429, 268 U. S. 55, 69 L. Ed. 846. In that case the Central Railroad of New Jersey had certain leases of railroad properties for 999 years, and it was obliged to make certain improvements under the terms of the lease. In 1916 the railroad company paid $1,659 in making these improvements, and sought to deduct all this amount as a necessary expense of its business in 1916. The Supreme Court held that it could not do this; that this amount could be deducted only during the life of the improvements, an aliquot portion thereof being allowed to be deducted each year.

The railroad company also had a lease from the city for not more than 30 years, providing for certain improvements, the total sum of which it sought to deduct in the year 1916. The Supreme Court held that this could not be allowed, but that an aliquot part of the total sum should be allowed to be deducted during each year of the life of the lease. That case passed upon improvements and leases, and not rentals; but it appears that both rentals and improvements come under the head of "necessary expenses" actually paid by the taxpayer.

In an elaborate and forcible brief and request for rulings, the learned counsel for the plaintiffs contend that their lease was made in good faith and without fraud; that it carried out the clear intention of the parties. They say that the profits of the first year of the contract were larger than were expected, but that they had a right to deal with those profits as relative to the year 1917, and that the government should not be permitted to force them to deduct an aliquot part of the cash paid in advance for each year during the life of the lease; that the clear right is vested in the taxpayer to deduct in any one year from gross income all amounts paid as rent during that year; that any other rule would be a hardship for the plaintiffs; that, if the lessees had desired to dispose of their lease at the end of the year 1917, they could not have had the benefit of any part of the payment during the year 1917, made to the lessor during the year 1917, because such payment had passed under their control and was not transferable to any sublessees; that, in short, where a contract free from fraud provides for a stipulated amount of rent in 1917, higher than in the succeeding years of the lease, the Treasury Department is without power to equalize the rent for the term of the lease by distributing it in equal yearly installments throughout the period of the lease; that, if the circumstances of the case leave any doubt in the mind of the court as to the justice of the plaintiffs' contention, it is the duty of the court to give the full benefit of such doubt to the plaintiffs.

They urge that the same rule applies in this case as is held in the interpretation of the statutes; that in case of doubt they are to be construed most strongly against the government and in favor of the citizen. United States v. Wigglesworth, Fed. Cas. No. 16,690, 2 Story, 369; American Net & Twine Co. v. Worthington, 12 S. Ct. 55, 141 U. S. 468, 474, 35 L. Ed. 821; United States v. Field, 41 S. Ct. 256, 255 U. S. 259, 65 L. Ed. 617, 18 A. L. R. 1461; Shwab, Executor, v. Doyle, Collector, 42 S. Ct. 391, 258 U. S. 529, 66 L. Ed. 747, 26 A. L. R. 1454. They contend, further, that the Duffy Case, upon the principles of which the government relies, should not be held to be decisive of the contention of the defendant, but that it is in many respects favorable to the plaintiffs' contention; that it concerns improvements made under a lease, and that it does not apply to a case relating to rentals; that in the case at bar such rentals should not be held to be a capital invest-

ment, although they were so held in matter of improvements made by a lessee in consideration of a lease.

[1, 2] In passing upon the question at issue it is the duty of the court to reach a reasonable result, and to allow the citizen to pay a tax which, under the law and the facts of the case, shall be fair and just. The learned counsel has urged many equitable considerations which the court has fairly considered. It seems to me that to allow the plaintiffs to deduct in 1917 all of the amounts to be re-received as rent for that year would give the plaintiffs an unfair advantage over the government and over their fellow taxpayers. Instead of paying an average of about $8,000 a year for the four years of the lease, the plaintiffs paid about $23,000 in 1917, and about $3,000 in each of the succeeding years. I think this is not equitable, fair, or reasonable. In deducting the necessary expenses for 1917, a payment of part of the rent for 1918, 1919, and 1920 cannot be considered necessary expenses, I think, even though paid in 1917.

The significance of the Duffy Case is not its decision relating to improvements, and in holding certain improvements to be a "capital investment." That case, it is true, did not pass on the question of rentals; but it did decide the principle that a payment which is made by a party in a certain year, and which is to cover obligations for a number of years, may not be deducted as a. necessary expense of the year when paid; but an aliquot part thereof should be deducted in each year during the period concerned. In the case at bar, the large amount paid for profits and board of Jean Galatoire, I think, should not be deductible in the year 1917, but only an aliquot part thereof should be deductible in that year and in each of the succeeding years of the life of the lease. I am brought to this conclusion, not entirely by the reasoning of the Duffy Case, but in trying to reach an equitable result under all the facts found in the record.

The Case of J. Alland & Bro., Inc., reported in 1 U. S. Board of Tax Appeals, 631, has been brought to my attention. In that case the taxpayer paid $10,500 in cash in advance, the balance being payable $200 a month. The Board of Tax Appeals expressly held that the deduction could not be made in the one year, but that it was a capital item representing an investment of the taxpayer in the lease, and he was therefore permitted to deduct an aliquot part of that cash paid in advance for each year during the life of the lease. The court said:

"In our opinion the $10,500 paid in 1921 is not a deductible item, unless it may be regarded as an *ordinary and necessary expense* of the taxable year in carrying on the taxpayer's trade or business. We think that the evidence conclusively proves that the item was not such an expense. The taxpayer did not get any profit from the payment of the $10,500 during the year 1921. The profits from the payment were to flow to it through the unexpired term of the lease, namely, from January 1, 1922, to February 28, 1925, inclusive. In our opinion the payment of $10,500 was a capital item. It represented an investment of the taxpayer in a lease. The taxpayer during the term of the lease was entitled to deduct from its gross income for each of the years 1922 to 1925, inclusive, a proportionate part of its investment of $10,500 under the provisions of the Revenue Acts of 1921 and 1924, which permit a taxpayer to deduct from gross income a reasonable amount for the exhaustion of property used in its trade or business."

[3] The rule has been laid down by the United States courts that the regulation and practice of the department have the force of law, unless contrary to some express provision of law, and, that the re-enactment by Congress of provisions of the law, practically without change, is an affirmance and confirmation of the ruling and practice of the department theretofore had, and which is to be presumed to be known by Congress. I will not undertake to say how far the courts ought to go in holding that such practice should be presumed to be known by Congress. I think the matter is well stated in Baltzell v. Mitchell, Collector, 3 F.(2d) 428. In that case the Circuit Court of Appeals for the First Circuit, on January 14, 1925, held that: "(1) It is a well-established rule of the federal courts that a contemporaneous construction given to an act of Congress by the executive officers charged with its enforcement, though not controlling, is entitled to great weight; but this does not preclude an inquiry by the courts as to the soundness of such construction." See, also, Maryland Casualty Co. v. United States, 40 S. Ct. 155, 251 U. S. 342–349, 64 L. Ed. 297; United States v. Hermanos, 28 S. Ct. 532, 209 U. S. 337–339, 52 L. Ed. 821; United States v. Anderson, 46 S. Ct. 131, 269 U. S. 422, 70 L. Ed. ——, recently decided by the Supreme Court.

[4] While, in reaching a conclusion on a tax case, I ought to resolve doubts in favor of the citizen, I cannot create a doubt in order to so resolve it. I must first have the doubt.

In the instant case, a fair consideration of the record does not leave any substantial doubt in my mind. I find as a fact that the payment of one-half of the net profits for 1917 to Jean Galatoire and board furnished to his family in 1917 were advance payments of rental, or capital investment to that extent, and may not be allowed as an entire deduction for the year 1917, but should be prorated over the entire life of the lease, as deductions for expenses paid, and that only $\frac{12}{45}$ of the payments made by plaintiffs in 1917 for one-half of the net profits and board to Jean Galatoire and family may be deducted for 1917 as necessary expenses paid in that year.

A decree may be presented, dismissing the petition, but without costs.