MARTÍN COLÓN FORNÉS, Petitioner and Appellant, v. REXFORD GUY TUGWELL, GOVERNOR OF PUERTO RICO ET AL., Respondents and Appellees.

No. 9254. Argued March 13, 1946.—Decided April 24, 1946.

870

 

*Bauzá & Bauzá* for appellant. *E. Campos del Toro, Attorney General,* and *J. Rivera Barreras* for appellees.

Mr. Justice de Jesús delivered the opinion of the court.

Appellant filed in the lower court a petition for a writ of mandamus ordering the Chief of the Insular Police to consult the Insular Police Commission as to a recommendation to the Governor for petitioner's promotion from sargeant to district chief of the Insular Police and ordering the Governor in turn that upon receipt of this recommendation to recommend and send to the Senate the appointment in favor of petitioner. The mandamus petition is predicated upon the following facts: that plaintiff was enlisted in the Insular Police Force on October 24, 1931, and has been a sargeant from July 1, 1942; that on May 24, 1943, he applied without any success to the then Chief of the Insular Police, Mr. L. Ramírez Brau, for his promotion to district chief; that on March 1, 1945, he presented the same application to Mr. Joshua Hellinger, Chief of the Insular Police at that time and sent a copy thereof to the Insular Police Commission and to the Governor of Puerto Rico, without having been promoted; that according to the Insular Police regulations and the acts to that effect, sargeants are promoted to district chiefs on recommendation of the Governor to the Insular Senate, after the Governor has received in turn a recommendation from the Chief of the Insular Police, with the consent of the Insular Police Commission; that a recommendation for promotion is made by taking into account the years of service of the candidate for district chief, his academic preparation, and his record as member of the Insular Police Force; that recently the petitioner was ignored when certain sargeants, whom he enumerates, with lower qualifications than his,

according to the petitioner, were promoted with preference to him to districts chiefs; that the act of the Chief of Police in making recommendations with the consent of the Commission for promotion from sargeant to district chief and the act of the Governor in sending to the Senate the appointment for district chief of the persons thus recommended, is a ministerial duty of said officers, but even if it were discretionary, the defendants abused their discretion in making the aforesaid promotions without considering the petitioner; that the petitioner is a high school graduate and also has the academic credits which he sets forth in his petition.

The lower court issued the alternative writ and finally denied the petition relying on two defenses set up by the respondents, to wit: (1) because in this case no ministerial duty is involved and (2) because it does not appear from the face of the petition that respondent Rexford G. Tugwell had been required to promote the petitioner from sargeant to district chief.

It is urged in the petition that the alleged duty is ministerial but it clearly appears from § 23 of the "Act to provide for the organization, regulation, and government of the Insular Police of Puerto Rico," as amended by Act No. 36 of May 4, 1933 (Laws of 1932–33, p. 268), that in this case no ministerial duty is involved. Said Section provides in so far as pertinent, thus:

"Section 23.—It shall be the duty of the Insular Police Commission:

"1. To act as a recruiting and examining board for passing upon all applications for enlistment in the Insular Police, and for the examination of members of the Force to determine their physical qualifications and *fitness for promotion; and to recommend to the Governor of Puerto Rico, after consulting with the Chief of Police, such members of the Insular Police as, in its opinion, should be promoted.*" (Italics ours.)

Since only those members of the Insular Police who, in the opinion of the Commission, deserve the promotion may be

promoted, there is no question that such power is discretionary and no other administrative construction lies, as the latter may never alter or repeal the statutory provisions or be given any weight where the law is clear as in the instant case. *Louisville & N. R. Co.* v. *U. S.*, 282 U. S. 740 (1931) and *United States* v. *Cerecedo Hermanos & Company*, 209 U. S. 337 (1908). Lastly, the fact that in his opinion the district chiefs appointed, did not qualify as well as he, does not mean that there was an abuse of discretion if the persons appointed were legally qualified to discharge the office to which they appointed, for otherwise the Commission would be precluded from using its discretion.

The conclusion which we have reached makes it unnecessary to determine whether the court *a quo* erred in denying the petition for mandamus on the additional ground that no request had been made on the Governor or the Insular Police Commission prior to the filing of the mandamus petition.

For the aforesaid reasons the judgment appealed from must be affirmed.