MARTÍN COLÓN FORNÉS, demandante y apelante, *v.* REXFORD GUY TUGWELL, GOBERNADOR DE PUERTO RICO, ET AL., demandados y apelados.

Núm. 9254.—*Sometido:* Marzo 13, 1946. *Resuelto:* Abril 24, 1946.

*Bauzá & Bauzá,* abogados del apelante; *Hon. Procurador General E. Campos del Toro* y *J. Rivera Barreras,* abogados de los apelados.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El apelante radicó en la corte inferior una solicitud interesando un auto de *mandamus* que ordene al Jefe de la Policía Insular que consulte con la Comisión de la Policía Insular sobre recomendación al Gobernador de un ascenso del peticionario de sargento a jefe de distrito de la Policía Insular y que ordene al Gobernador que, recibida dicha recomendación, a su vez recomiende y envíe al Senado el referido nombramiento a favor del peticionario. La solicitud de mandamus está predicada en los siguientes hechos: que el demandante ingresó en el Cuerpo de la Policía Insular el 24 de octubre de 1931 y es sargento desde el 1ro. de julio de 1942; que el 24 de mayo de 1943 solicitó, sin éxito alguno, del entonces Jefe de la Policía Insular Sr. L. Ramírez Brau, su ascenso a jefe de distrito; que el 1ro. de marzo de 1945 hizo igual solicitud al entonces Jefe de la Policía Insular Sr. Joshua Hellinger y envió copia de la misma a la Comisión de la Policía Insular y al Gobernador de Puerto Rico, no habiéndose verificado el ascenso; que de acuerdo con el reglamento de la Policía Insular y las leyes al efecto, los sargentos son ascendidos a jefes de distrito por la recomendación hecha por el Gobernador al Senado Insular, previa la recomendación a su vez del Jefe de la Policía Insular al Gober-

nador, después de haberse asesorado el primero con la Comisión de la Policía Insular; que la recomendación para ascensos se hace tomando en cuenta la antigüedad del candidato a jefe de distrito, su preparación académica y su récord de servicios en el Cuerpo de la Policía Insular; que recientemente el peticionario fué postergado al ascenderse, con preferencia a él, a ciertos sargentos cuyos nombres expresa, a jefes de distrito, quienes, según el peticionario, reunían condiciones inferiores a las suyas; que el recomendar el Jefe de la Policía—después de asesorarse con la Comisión—para ascensos de sargento a jefe de distrito, y el acto del Gobernador de enviar al Senado el nombramiento de jefe de distrito de la persona así recomendada, es un deber ministerial de dichos funcionarios, pero que en el caso de que tal deber fuese discrecional, los demandados abusaron de su discreción al hacer los ascensos antes mencionados con postergación del peticionario; que el demandante es graduado de alta escuela y tiene, además, los créditos académicos que expresa en la solicitud.

La corte inferior expidió el auto alternativo y finalmente desestimó la petición fundándose en dos de las defensas alegadas por los demandados, a saber: (1) porque no se trata en este caso de un deber ministerial y (2) porque no aparece de la faz de la solicitud que se haya requerido al demandado, Rexford G. Tugwell para que ascienda al peticionario de sargento a jefe de distrito.

■■ En la solicitud se alega que el supuesto deber es ministerial, pero de la sección 23 de la "Ley Disponiendo la Organización, Reglamentación y Gobierno de la Policía Insular de Puerto Rico", según fué enmendada por la Ley núm. 36 de 4 de mayo de 1933 (Leyes de 1932–33, pág. 269), surge claramente que no se trata en este caso de un deber ministerial. Dicha sección, en lo pertinente, dice así:

"Sección 23.—Será deber de la Comisión de la Policía Insular:
"(1) Actuar como Junta Reclutadora y Examinadora para re-

solver todas las solicitudes de alistamiento en la Policía Insular, y examinar a los individuos del cuerpo para determinar sus aptitudes físicas y *para ascensos, recomendando al Gobernador de Puerto Rico, después de haberse asesorado con el jefe de la policía, aquellos miembros de la Policía Insular que, a su juicio merezcan ser ascendidos.''* (Bastardillas nuestras).

Si sólo serán ascendidos aquellos miembros de la Policía Insular que a juicio de la Comisión merezcan el ascenso, no cabe duda que se trata de una facultad discrecional, sin que quepa interpretación administrativa en contrario, pues ésta en ningún caso puede enmendar o derogar las disposiciones de la ley, ni debe tenerse en cuenta cuando ésta es clara, como sucede en el presente caso. *Louisville & N. R. Co.* v. *U. S.*, 282 U. S. 740 (1931) y *United States* v. *Cerecedo Hermanos y Compañía*, 209 U. S. 337 (1908). Finalmente, el hecho de que se hayan nombrado jefes de distrito que a juicio del peticionario reúnen condiciones inferiores a las suyas, no implica que haya habido abuso de discreción, si los nombrados tienen la capacidad legal suficiente para desempeñar el puesto para el cual han sido ascendidos, pues de otro modo no existiría discreción por parte de la Comisión.

La conclusión a que acabamos de llegar hace innecesario considerar si erró o no la corte *a quo* al desestimar la petición de mandamus por el fundamento adicional de no haberse hecho requerimiento alguno al Gobernador y a la Comisión de la Policía Insular con anterioridad a la radicación de la solicitud de mandamus.

*Procede, por lo expuesto, confirmar la sentencia apelada.*