WHITE & Co. *v.* UNITED STATES (No. 702).[1]

1. PLAIN WOVEN FABRICS.
   Plain woven fabrics are to be distinguished by their not having twilled or figured effects produced in the process of weaving.

2. LINEN DAMASK NOT PLAIN WOVEN FABRICS.
   The evidence shows that linen damask is not a plain woven fabric and it was properly held to be dutiable under paragraph 358, tariff act of 1909, "all woven articles * * * and all manufactures of flax * * * not specially provided for."

United States Court of Customs Appeals, November 22, 1911.

APPEAL from Board of United States General Appraisers, G. A. 7222 (T. D. 31588).

[Affirmed.]

*Brooks & Brooks* (*F. W. Brooks* and *E. P. Sharretts* of counsel) for appellants.

*Wm. L. Wemple*, Assistant Attorney General (*Thomas J. Doherty* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This is an appeal from a decision of the Board of General Appraisers, G. A. 7222 (T. D. 31588), which affirmed the assessment of duty by the collector of customs at the port of New York on certain linen damask at the rate of 45 per cent ad valorem under the provisions of paragraph 358 of the act of 1909, the pertinent provisions of which are as follows:

* * * All manufactures of flax, hemp, ramie, or other vegetable fiber, or of which these substances, or any of them, is the component material of chief value, not specially provided for in this section, forty-five per centum ad valorem.

---

[1] Reported in T. D. 32054 (21 Treas. Dec., 617).

The claim relied upon by the importer is that the importation is dutiable under paragraph 357, which reads in part as follows:

* * * Plain woven fabrics, not including articles, finished or unfinished, of flax, hemp, or ramie, or of which these substances or any of them is the component material of chief value, including such as is known as shirting cloth; weighing less than four and one-half ounces per square yard and containing more than one hundred threads to the square inch, counting the warp and filling, thirty-five per centum ad valorem. * * *

The sole question involved in the case is, what was intended by the term "plain woven fabrics," as employed in paragraph 357 of the present act?

In the Standard Dictionary the term "plain weave" is defined as—

The first of the foundation systems of weave, having no conspicuous ornamentation; unadorned; unvariegated; in the case of cloths, not figured, or untwilled; as * * * plain muslin.

"Foundation weave" is defined as—

The three systems of weave, the plain weave, the twill and the satin weaves that are the foundation of all weaves.

"Twill" is defined as—

One of the three foundation systems of weave, in which the shuttle carries the woof (filling) threads over one and under two or more warp threads.

"Damask" is defined as—

A fine (light weight) twilled table linen. * * *

It is contended by the importer that as this damask is produced by plain warp filling threads which are white, extending in unbroken continuity throughout the entire fabric, at right angles with each other, in parallel lines and so plainly woven that each square inch of the fabric contains the same number of warp and filling threads, they should be deemed plain woven, and it is pointed out that the figure is produced not by means of extra shuttles or extra beams, as distinguished from fancy linens, which are produced by swivel or extra shuttles carrying additional or fancy threads, making raised figures which do not run parallel to the neighboring threads or at right angles to the warp and weft threads, as the case may be.

No authority is found for such a distinction between plain woven and fancy woven goods. On the contrary, under the tariff act of 1897, which, with respect to this question, is similar to that of 1909, it was said by the Board of General Appraisers as early as March, 1898, in T. D. 19098, that—

"Plain woven" manifestly means plain as distinguished from twilled or figured effects produced in the process of weaving. Citing 1 Spon's Encyc. Mfrs., p. 766.

It is true that in this case the utterance was a dictum, but in G. A. 5035 (T. D. 23386), in the matter of the protests of the present appellant and others, it was distinctly ruled that the definition referred to in the case above cited indicates what are not plain woven fabrics, namely, those having twilled or figured effects produced in

the process of weaving, and it was held that twilled burlaps were not included under the term "plain woven."

Again, in G. A. 6063 (T. D. 26445), the board held that twilled bagging was not plain woven, again holding that the term "plain woven," as used in the tariff act, was in contradistinction from twilled or figured effects produced in the process of weaving. This construction appears to have been followed while the act of 1897 remained in force. The presumption is very strong that, in reenacting this provision for plain woven fabrics, Congress intended to adopt the construction which had thus been given to it. See United States *v.* Cerecedo (209 U. S., 337), and United States *v.* Falk (204 U. S., 143).

The decision of the Board of General Appraisers, which sustained the action of the collector, is *affirmed.*