SPIELMANN & Co. *v.* UNITED STATES (No. 794). SUDBURY & Co. *v.* UNITED STATES (No. 795).[1]

COTTON GLOVES, KNITTED OR WOVEN.

The importation was of cotton gloves with a knitted fabric. The form of the glove was cut from the fabric, and in completing the glove this form was sewed together with thread. "Cotton gloves knitted or woven," appearing in paragraph 328, tariff act of 1909, is there used in a comprehensive and inclusive sense and embraces gloves manufactured from material either woven or knitted, though not shaped by the weaving process.

## United States Court of Customs Appeals, November 14, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7283 (T. D. 31909).

[Affirmed.]

*Brown & Gerry* and *Curie, Smith & Maxwell* (*Thomas M. Lane* of counsel) for appellants.

*William L. Wemple,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

These two appeals involve the construction of paragraphs 328 and 324 of the tariff act of 1909. The first paragraph, in its applicable provisions, reads as follows:

328. Stockings, hose, and half-hose, selvedged, fashioned, narrowed, or shaped wholly or in part by knitting machines or frames, or knit by hand, including such as are commercially known as seamless stockings, hose and half-hose, * * * . Men's and boys' cotton gloves, knitted or woven, valued at not more than six dollars per dozen pairs, fifty cents per dozen pairs and forty per centum ad valorem; valued at more than six dollars per dozen pairs, fifty per centum ad valorem.

Paragraph 324 fixes the duty at 50 per cent ad valorem on wearing apparel of every description composed of cotton or other vegetable fiber.

The importation in question consisted of cotton gloves, the fabric of which is knitted. The form of the glove is cut from the fabric, and this form is sewed together with thread to make the completed glove. The contention of the appellants is that the phrase "cotton gloves, knitted or woven" includes only such as are shaped and finished, so far as may be done, by the knitting process, and can not be extended to include gloves of the character here in question.

The phrase "cotton gloves, knitted or woven" is a broad and comprehensive term. All cotton gloves must be either knitted or woven and it would seem that the intent of Congress is manifest to include within this one provision all cotton gloves. Such a thing as a woven cotton glove shaped by the process of weaving to fit the hand is unknown, and it is hardly conceivable that the term "knitted" is to

---

[1] Reported in T. D. 32962 (23 Treas. Dec., 415).

be given a more limited signification when applied to gloves falling within its terms than the word "woven" used disjunctively in connection therewith.

If there were doubt about this construction, the judicial interpretation of the word "knit" or "knitted," which preceded the enactment of the tariff law of 1909, is most persuasive as evidence of the sense in which the term was employed in the present act.

In T. D. 10335 the term "knit goods" was construed. It was said:

An inspection of the goods discloses the fact that they are what are known as cashmere gloves and hose, or half hose, manufactured from wool and are all knit goods, a portion of them made upon frames and others made into the piece and afterwards cut into shape and sewed together.

Paragraph 363, T. I., new, under which duty was assessed, provides for "knit goods and all goods made on knitting frames." * * * There is no limitation as to the peculiar manner in which the knitting is to be done; in fact, the words "made on knitting frames" evidence the intent of Congress to cover both hand-knit and machine-knit goods; nor is there any qualification as to completed articles knit in contradistinction to materials knit in the piece and subsequently made into articles.

The intent of the framers of the law would seem to us to be as manifest as to the latter class of goods as to the former.

In T. D. 16537 the question was whether certain gloves, not knit into form, but cut and fashioned from a knit fabric similar to Jersey cloth, were dutiable as knit wearing apparel composed wholly or in part of wool. The board said:

We think that the term "knit wearing apparel" is not limited in its application to articles fashioned in the process of knitting, but includes all articles of wearing apparel made of a knitted and not of a woven fabric. The percentage of articles of wearing apparel, including shirts, drawers, hosiery, and gloves knit into form, is so small that to give to the term "knit wearing apparel" the restricted meaning claimed by the appellants applicable thereto would be to defeat the plain intent of the lawmakers.

See also T. D. 22007.

We do not overlook the case of Arnold *v.* United States (147 U. S., 494). But that case, while not decisive, seems rather to strengthen the judicial interpretation which has been placed upon the term "knit goods" by the board. There had been, in the act of 1890, a substitution of the term "knit fabrics" for the term "knit goods" appearing in the act of 1883. The court said, by Mr. Justice Brewer, that there was some significance in the substitution of one term for the other.

For while they are frequently interchangeable, it would seem as though "knit goods" more appropriately described manufactured articles; while "knit fabrics" referred more especially to manufactured material, piece goods.

We think, in view of this interpretation of the term "knit goods" by the judicial department, the employment of the same term by Congress in 1909 clearly indicates that the meaning thus accorded to the term was adopted. See United States *v.* Falk (204 U. S., 143);

United States *v.* Cerecedo Hermanos (209 U. S., 337); and White & Co. *v.* United States (2 Ct. Cust. Appls., 327; T. D. 32054).

We think it altogether clear that the phrase "cotton gloves, knitted or woven," was used in a comprehensive and inclusive sense and intended to embrace gloves manufactured from material either woven or knitted, although not shaped by the weaving process.

The decision of the Board of General Appraisers is *affirmed.*