UNITED STATES *v.* WHITE & CO. (No. 930).[1]

FIGURED CHAIN-BORDERED CRASH NOT PLAIN WOVEN FABRICS.

Where two weaves, each of which if alone employed would result in a plain woven fabric as an entirety, are in fact combined and contrasted in the same fabric, as here, the result must be a figured fabric and it is aptly designated "chain-bordered" crash to distinguish it from goods without such figure or design.

United States Court of Customs Appeals, November 14, 1912.

APPEAL from Board of United States General Appraisers, Abstract 28427 (T. D. 32488.)

[Reversed.]

*William L. Wemple,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, of counsel), for the United States.
*Brooks & Brooks* (*F. W. Brooks, jr.,* of counsel) for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The opinion of the Board of General Appraisers in the decision below appropriately characterized the merchandise the subject of this appeal as "chain-bordered" crash.

It was rated for duty by the collector as "a manufacture of flax," and claimed by the importer, appellee here, to be properly classifiable as a "plain woven fabric," under paragraph 357 of the tariff act of 1909. The quoted phrases express the applicable portions of both paragraphs. The controversy concerns alone the single issue of

[1] Reported in T. D. 32968 (23 Treas. Dec., 429).

whether or not the imported fabric is "plain woven" within the paragraph invoked by appellant.

It is piece goods, used for the cheaper variety of toweling, of usual width, fabricated by the ordinary over one and under one thread weave in the body, with a border line woven by four weft threads passing over four, under four, and over four warp threads, then next in order following the warp under four, over four, and under four warp threads, forming thus the repeat of the design or figure constituting the border, which is aptly styled by the general appraiser as a "chain border." This weave alone does not wholly constitute the entire apparent border save as to its weave, the whole being the more emphasized by the use of colored threads, not alone in the border weave but extending also to parallel colored lines of a single warp thread along the so-called chain effect and within the weave of the body of the fabric.

The issue presented is, Is this a "plain woven *fabric*," when considered as an entirety, within paragraph 357 of the tariff act of 1909?

This court in White & Co. *v.* United States (2 Ct. Cust. Appls., 327; T. D. 32054), reviewing the judicial and legislative history of this phrase, occurring as well in previous tariff acts, defined its meaning by adopting the definition given in Spon's Encyclopedia of Manufactures, and often approved by the board, as follows:

"Plain woven" manifestly means plain as contradistinguished from twilled or figured effects produced in the process of weaving. (1 Spon's Encyc. Manufactures, p. 766.) G. A. 4097 (T. D. 19098), affirmed on appeal in United States *v.* Lamb, 99 Fed. Rep., 262; G. A. 4785 (T. D. 22560); G. A. 5035 (T. D. 23386); and G. A. 7222 (T. D. 31588).

A careful examination of these decisions and the authorities cited, as well as others, lexicographic and otherwise, does not authoritatively confine "plain woven" to those weaves of a single warp and weft thread passing regularly over and under each other, but extends it to many other weaves, at least when uniform throughout the fabric. The definition quoted, however, and so often approved, not alone, as stated, by this court, but by congressional construction (White & Co. *v.* United States, *supra*), exacts that such a *fabric* must not *by the weave* be *figured*. Unquestionably the weave in the body of this fabric is the most ordinary plain weave. It is equally as clear that such a weave as forms the so-called "chain border" in this fabric has been deemed and held a "plain weave" and so approved by congressional adoption in 1909. G. A. 4785 (T. D. 22560); G. A. 5035 (T. D. 23386); United States *v.* Lamb, *supra*. In all these cases, however, the particular weave obtained throughout the entire fabric, so that by its use alone the article did not present a figured effect, and could not be said to be "figured." Where, however, the two weaves, each of which when wholly employed in a fabric would result in a plain woven fabric as an entirety, are combined and con-

trasted in the same fabric, they may produce such a result as here exhibited—a figured fabric aptly designated "chain-bordered" crash, to distinguish it from those fabrics without such figure or design.

The learned general appraiser below states (italics ours):

The only differences in their construction between the fabrics in the *Lamb* case and those now under consideration are differences of degree. Where in the former the warp was double *throughout* the fabric, in the latter the warp and weft are woven in groups of three or four threads each, but *this style of weaving is confined* to the narrow borders on each side of the fabric.

This is apparent from a glance at the fabric and would be so, we think, though in a lesser degree, without aid of the colored threads employed. It is this contrasted difference, however, in the parts of the same fabric, presenting a uniform design throughout the whole effected by the process of its weaving, which renders us unable to say that it is a fabric "not figured" by the weave and therefore a "plain woven" *fabric*, appropriately called for and by reason of the design or figure woven therein along its border, "chain-bordered crash."

The decision of the Board of General Appraisers is *reversed.*