STONE & DOWNER CO. *v.* UNITED STATES (No. 1706).[1]

1. CONSTRUCTION, PARAGRAPH 283, TARIFF ACT OF 1913—"PLAIN WOVEN FABRICS."
   Following a long and consistent line of decisions of the board and courts, legislatively approved, this court *has* held, and *does* hold, that the test of whether or not a fabric is "plain woven" (par. 283, tariff act of 1913) is the appearance its weave presents, and not the manner of its weaving.
2. PLAIN DOUBLE-WOVEN CARD CLOTH IN CHIEF VALUE OF FLAX.
   Card cloth in chief value of flax, known in the textile industry as a "plain double weave," woven double by an intricate and elaborate method for the purpose of increasing its weight and strength, but presenting by its weave a plain, as distinguished from a figured or twilled, effect, is dutiable as "plain woven fabrics" (par. 283, tariff act of 1913), and not as "manufactures of flax" (par. 284).

United States Court of Customs Appeals, December 21, 1916.

APPEAL from Board of United States General Appraisers, G. A. 7865 (T. D. 36193). Reversed.]

*Searle & Waterhouse (Wm. E. Waterhouse* of counsel) for appellants.
*Bert Hanson,* Assistant Attorney General (*Thomas J. Doherty* and *Martin T. Baldwin,* special attorneys, of counsel), for the United States.

[Oral argument Nov. 1, 1916, by Mr. Waterhouse and Mr. Baldwin.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This importation was of card cloth. The Board of General Appraisers aptly described the merchandise in its finding of fact by the following language:

It appears from the record, and we find as facts, that the cloth in question is used in making card clothing; that the warp threads are made of flax and the weft of wool and that flax is the component of chief value; that the fabric is woven double for the purpose of increasing the weight and strength; that there are two sets of weft threads and five sets of warp threads; that the weft threads on each face of the fabric pass alternately over one warp and under one warp thread; and that the warp threads pass over one weft thread in the face or upper layer of the double fabric, then pass down to the other side or back of the fabric, going under one weft thread in the lower layer of the fabric before returning to the upper surface, thus binding the two fabrics together, but, inasmuch as the fabric is double and there are two sets of weft threads, before the warp threads return to the upper surface they pass under four weft threads. Thus the warp threads throughout the whole fabric go over one and under four weft threads, but the cloth is so made that each face or surface appears to be plain woven, both the warp and the weft threads appearing to go over one and under one thread, there being no skip visible on either surface. The importers' witnesses who testified in the trial of the particular protests now before us for decision said that the fabric is designated by weavers in the textile industry as a "plain double weave."

---

[1] Reported in T. D. 36908 (31 Treas. Dec., 664).

The issue presented is whether the goods are properly classifiable for dutiable purposes under paragraph 284 of the tariff act of 1913 as "manufactures of flax," or under paragraph 283 thereof as "plain woven fabrics." The board held them not within the latter term. The importers appeal.

Predicating its considerations upon the above statement of facts the board observed:

But is a plain double weave actually a plain weave? It has been held that certain jute canvas having a double warp, but which was not twilled or figured in any manner in the process of weaving, was a plain woven fabric (*In re* Lamb, G. A. 4097; T. D. 19098, affirmed by the court in the case of United States *v.* Lamb, 99 Fed., 262) and that the term "plain woven" means plain as distinguished from twilled or figured effects produced in the process of weaving. *In re* White, G. A. 5035 (T. D. 23386); *In re* Downing & Co., G. A. 6063 (T. D. 26445); *In re* White, G. A. 7222 (T. D. 31588), affirmed by the court in the case of White *v.* United States (2 Ct. Cust. Appls., 327; T. D. 32054). But no case has been called to our attention in which the question has been raised as to whether or not double fabrics, which are plain on the surface but are made by an elaborate system of weaving, are plain woven.

This court in White & Co. *v.* United States (2 Ct. Cust. Appls., 327; T. D. 32054) and in United States *v.* White & Co. (3 Ct. Cust. Appls., 382; T. D. 32968), interpreted the words "plain woven fabrics" as they appeared in paragraph 357 of the tariff act of 1909, and in United States *v.* Douglas & Berry *et al.* (6 Ct. Cust. Appls., 100; T. D. 35342), the court construed the same term as it appears in the present act, paragraph 283, which is the corresponding paragraph *in pari materia* to said paragraph 357, act of 1909. Following a long and consistent line of decisions of the board and courts legislatively approved, this court in all said opinions declared the determinative test of whether or not a fabric was "plain woven" to be the appearance presented by and not the weave thereof itself. In the last cited case the court observed that in view of the legislative adoption of previous adjudication it was doubtful if the term could be otherwise varied by commercial usage. The court, however, examined the evidence offered and held it did not establish a commercial usage contrary to the previously declared force of the term. The ample discussion in those cases renders unnecessary extended consideration here.

The particular goods are well described as fabricated of a "plain double weave." The effect of the weave is to present a plain as distinguished from a figured or twilled effect. That effect is homogeneous throughout the entire surface of the goods, no contrasted weaves appearing, as in United States *v.* White & Co. (3 Ct. Cust. Appls., 382; T. D. 32968), to thereby constitute other than the surface of a homogeneous plain effect. The court is of the opinion, therefore, that the board erred.

*Reversed.*