## UNITED STATES *v.* LINEN THREAD CO. (No. 2554)[1]

CONSTRUCTION, "COMPOSED OF"—PARAGRAPHS 1009, 1010 AND 1011, TARIFF ACT OF 1922—"FABRICS * * * OF FLAX."

It is the general rule that a provision for articles of a certain material means that such must be at least of chief value or predominant. Where Congress has provided for manufactures of a material and also manufactures in chief value of such material, in order to give effect to each provision, an exception has been made; and such language as "composed of," "manufactures of," and "made of" has been interpreted to mean "substantially wholly of such material." Paragraph 1009, Tariff Act of 1922, provides for *certain* woven fabrics of flax or in chief value of flax. Paragraph 1011 provides for *certain* plain-woven fabrics of flax. Paragraph 1010 provides for woven fabrics of flax or in chief value of flax, *not specially provided for*. There is nothing in the context requiring the construction of the language "of flax," in paragraph 1011, as meaning "substantially wholly of flax." The presence in paragraphs 1009 and 1010 of the "chief value" phrase and its absence from paragraph 1011 does not have this effect. Plain woven fabrics in chief value of flax and otherwise answering the call of paragraph 1011 are, then, specially provided for therein, and are excluded from paragraph 1010 by its own language.

United States Court of Customs Appeals, December 4, 1925

APPEAL from Board of United States General Appraisers, Abstract 48577

[Affirmed.]

*William W. Hoppin*, Assistant Attorney General (*Charles D. Lawrence* and *Samuel M. Richardson* of counsel) for the United States.

*Sharrctts, Coe & Hillis* (*Edward P. Sharretts* of counsel) for appellee.

[Oral argument Oct. 26, 1925, by Mr. Lawrence and Mr. Sharretts]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal by the Government from the judgment of the Board of General Appraisers sustaining the protests of the appellee to the collector's assessment of plain-woven fabrics of flax at 40 per

---

[1] T. D. 41257.

centum ad valorem, under paragraph 1010 of the Tariff Act of 1922, which reads as follows:

PAR. 1010. Woven fabrics, not including articles finished or unfinished, of flax, hemp, ramie, or other vegetable fiber except cotton, or of which these substances or any of them is the component material of chief value, not specially provided for, 40 per centum ad valorem.

The appellee claimed in its protests that the merchandise was properly dutiable at 35 per centum ad valorem under paragraph 1011 of the Tariff Act of 1922, which provides as follows:

PAR. 1011. Plain-woven fabrics, not including articles finished or unfinished, of flax, hemp, ramie, or other vegetable fiber, except cotton, weighing less than four and one-half ounces per square yard, 35 per centum ad valorem.

The case was submitted to the board upon the following stipulation:

In the matter of Protests 24524–G and 28065–G of The Linen Thread Company on Flax,

It is stipulated and agreed, between the parties hereto, that the merchandise described on the invoice under items Nos. 4182, 4125B, 4183, 140, 4187, 4225, and 4325, whether expressed on the invoice with or without a line number or with or without a qualifying letter, consist of plain-woven fabrics, in chief value of flax, weighing less than $4\frac{1}{2}$ ounces per square yard.

It is further agreed, between the parties hereto, that this stipulation be made a part of the record of the protests above noted, and that the protests be deemed submitted on this stipulation.

Dated, New York, November 6, 1924.

The board held: That, as the merchandise was admittedly plain-woven fabrics in chief value of flax and weighed less than $4\frac{1}{2}$ ounces per square yard, it was specially provided for in paragraph 1011, *supra*, and sustained the protests.

It is claimed by the Government that, as the merchandise in question is only in chief value of flax, it does not come within the provisions of paragraph 1011, *supra*, because such provisions cover only such flax fabrics as are composed substantially wholly of flax. This claim is based upon the proposition that, since paragraphs 1009 and 1010 cover fabrics of the vegetable fibers named *or in chief value of them,* while paragraph 1011 covers fabrics of the same fibers with *no chief value provision,* a congressional intention must be inferred to limit paragraph 1011 to fabrics *substantially wholly* of such fibers. This construction of paragraph 1011, *supra*, would limit its provisions to such fabrics as are *plain-woven,* and composed *substantially wholly* of flax, hemp, ramie, or other vegetable fiber except cotton, and *weigh less than four and one-half ounces per square yard.*

It was held by this court in the case of *Vantine & Co. v. United States,* 3 Ct. Cust. Appls. 488, T. D. 33124, in an opinion by Barber, Judge, that—

The general rule appears to be well settled that when a tariff statute provides for duty upon an article of specified material, without declaring to what extent it

must be composed of that material, it is at least confined to merchandise of which the specified material is that of chief value or is the predominant one therein. *Arthur* v. *Butterfield*, 125 U. S., 70. *In re Wise*, 93 Fed. Rep. 443, *Drew* v. *Grinnell*, 115 U. S. 477, *Schiff* v. *United States*, 99 Fed. Rep. 555, *Robertson* v. *Edelhoff*, 91 Fed. Rep. 642.

In statutes where Congress has provided for manufactures of a material and also manufactures in chief value of such material, in order to give effect to each provision, an exception to the general rule has been made, requiring, where the context demanded such exception, that language such as, "composed of," "manufactures of," "made of," and like expressions, should be interpreted as meaning "substantially wholly of such material." *Kenyon Co.* v. *United States*, 4 Ct. Cust. Appls. 344, T. D. 33529; *Steinhardt & Bro.* v. *United States*, 8 Ct. Cust. Appls. 372, T. D. 37629. Is there any reason for the application of the "exception" to the general rule in this case?

Congress has provided in paragraph 1009 of the Tariff Act of 1922, for "*woven fabrics,* * * * *of flax,* hemp, or ramie, *or of which these substances or any of them is the component material of chief value* (except such as are commonly used as paddings or interlinings in clothing), *exceeding thirty and not exceeding one hundred threads to the square inch,* counting warp and filling, *weighing not less than four and one-half and not more than twelve ounces per square yard,* and exceeding twelve inches but not exceeding twenty-four inches in width," at 55 per centum ad valorem; and also for "*woven fabrics,* such as are commonly used for paddings or interlinings in clothing, composed *wholly or in chief value of flax, or hemp, or of which these substances or either of them is the component material of chief value,* exceeding *thirty* and not exceeding *one hundred and ten threads* to the square inch, counting the warp and filling, and *weighing not less than four and one-half* and *not more than twelve ounces per square yard,*" at 55 per centum ad valorem. (Italics ours.)

Paragraph 1010, *supra,* provides for "*Woven fabrics,* * * * * of flax, hemp, ramie, or other vegetable fiber except cotton, *or of which these substances or any of them is the component material of chief value, not specially provided for,*" at 40 per centum ad valorem. (Italics ours.)

Paragraph 1011, *supra,* provides for "*Plain-woven fabrics,* * * * of flax, hemp, ramie, or other vegetable fiber, except cotton, *weighing less than four and one-half ounces per square yard,*" at 35 per centum ad valorem. (Italics ours.)

Paragraph 1011, *supra,* does not provide for *woven fabrics* of any of the specified materials. It provides for *plain-woven fabrics* and only such as weigh less than four and one-half ounces per square yard. It is limited to plain-woven fabrics "as distinguished from twilled or figured effects produced in the process of weaving." *White & Co.*

*v. United States*, 2 Ct. Cust. Appls. 327, T. D. 32054. It is also limited to such fabrics as weigh less than 4½ ounces per square yard. Paragraph 1010, *supra,* does not provide for any of the fabrics described in paragraph 1011, *supra,* but it is limited to such fabrics of flax, hemp, ramie, or other vegetable fiber, or of which these substances or any of them is the component material of chief value, *as are not specially provided for.*

Plain-woven fabrics of flax weighing less than 4½ ounces per square yard are specially provided for in paragraph 1011, *supra,* and, therefore, are not provided for in paragraph 1010, *supra.* Accordingly, full effect can be given to each and every part of the paragraphs relating to woven and plain-woven fabrics of flax without interpreting the words in paragraph 1011 "of flax," as an exception to the general rule. There being nothing in the context which requires that the words "of flax" be interpreted as meaning "substantially wholly" of flax, they should be interpreted to mean "wholly or in chief value of flax," in accordance with the general rule.

The judgment is *affirmed.*