ALSBERG & CO. *v.* UNITED STATES (No. 2689)[1]

WOVEN-FIGURED"—PARAGRAPH 903, TARIFF ACT OF 1922.

   Whether or not cotton cloth is "woven-figured," under paragraph 903, Tariff Act of 1922, must be determined by the appearance presented by the fabric as produced by the weave. The single fact that it is not plain woven would not justify its classification as "woven-figured." Simple twilled cloths, woven on a plain cam loom, known as "plain twills," are not "woven-figured."

United States Court of Customs Appeals, April 17, 1926

APPEAL from Board of United States General Appraisers, Abstract 50117

[Reversed.]

*Comstock & Washburn* (*Geo. J. Puckhafer* of counsel) for appellants.
*Charles D. Lawrence,* Assistant Attorney General (*John A. Kemp,* special attorney, of counsel), for the United States.

[Oral argument March 19, 1926, by Mr. Puckhafer and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

The single issue in this case is whether or not imported cotton cloth, not bleached, printed, dyed, or colored, is woven-figured within the provisions of paragraph 903 of the Tariff Act of 1922, which, in terms, provides higher rates of duty for such cloth, if woven-figured.

No issue is raised as to the correctness of the collector's action in ascertaining the other conditions of the cloth that affect the rate or amount of duty.

The paragraph is long and the only parts thereof necessary to quote are the contrasting provisions, which read as follows:

   Cotton cloth, not bleached, printed, dyed, colored, or woven-figured.
   Cotton cloth, printed, dyed, colored, or woven-figured.

The importer protested the classification of the merchandise as woven-figured and the Board of General Appraisers overruled the protest.

Typical Exhibits 1, 2, 3, and 4 represent the merchandise. They are all woven on a plain cam loom by what is known as the twilled method of weaving. The plainest weave known is accomplished by

---

[1] T. D. 41546.

passing the weft threads under and over alternate warp threads. The twilled method differs, in that the weft threads pass under and over the recurrent third, fourth, fifth, etc., warp threads as the case may be.

In Knight's Mechanical Dictionary, Volume III, page 2667, twill is described as follows:

A diagonal appearance given to a fabric by causing the weft-threads to pass over one warp thread, and then under two, and so on; instead of taking the warp-threads in regular succession, one down and one up. The next weft-thread takes a set oblique to the former, throwing up one of the two deposed by the preceding. * * * In some twills it is one and three, or one and four.

Exhibits 1 and 2 are woven four under and one over; Exhibit 3, two under and one over; Exhibit 4, three under and one over.

The term "woven figured," as applied to cotton cloth, does not seem to have been employed in tariff acts prior to the act of 1913. Generally speaking, the words "dyed, colored, stained, painted, or printed" have been used in designating cotton cloths upon which higher rates of duty have been imposed than upon the same cloths not "bleached, dyed, colored, stained, painted, or printed." See paragraph 319 of the tariff act of 1909.

In paragraph 252 of the act of 1913 *in pari materia* with paragraph 903 of the present act, the provision for—

Cotton cloth not bleached, dyed, colored, stained, painted, printed, or woven figured—

was for duty purposes contrasted with the provision for—

Cotton cloth when bleached, dyed, colored, stained, printed, or woven figured.

Paragraph 903 of the present act, as already appears, is in substantially the same language. One change is that the two words "woven figured" have been united by a hyphen. What the significance, if any, of that particular change may be, it is not necessary to consider in this case.

The question of what was a plain woven fabric under paragraph 257 of the act of 1909 was considered in *United States* v. *White & Co.*, 3 Ct. Cust. Appls. 382.

It was held that a careful examination of the authorities demonstrated that the term "plain woven" was not confined to those weaves of a single warp and weft thread passing regularly over and under each other but extended to many other weaves when uniform throughout the fabric and that if a particular weave obtained throughout the entire fabric, so that by its use alone the article did not present a figured effect, it could not be said to be figured.

In *United States* v. *Douglas & Berry*, 6 Ct. Cust. Appls. 100, T. D. 35342, discussing the term "plain woven fabrics" found in paragraph 283 of the tariff act of 1913, it was held that the question

of whether or not an article was or was not such was to be determined by the appearance presented by the fabric as produced by the weave.

It is quite obvious that a woven-figured cloth must contain woven figures. The cloth here is woven. It is not printed, dyed, or colored and, hence, it must be figured in order to be dutiable as classified.

Under the rule of the two cases supra, whether or not it is figured, must be determined by the appearance presented by the fabric as produced by the weave. The single fact that it is not plain woven would not justify its classification as woven-figured because paragraph 904 declares that the term "cotton cloth" shall be held to include all woven fabrics of cotton in the piece, whether figured, fancy, or plain. The cloths here are in the piece.

In its opinion the board seems to rely upon the authority of T. D. 37335, G. A. 8089, in which the meaning of "woven figured" in paragraph 252 of the tariff act of 1913 was considered. The opinion in the case shows that one type of the merchandise contained small raised stripes running crosswise and lengthwise the entire width and length of the fabric; the other contained so-called figures consisting of little raised stripes on the surface produced by some manipulation of the weft threads. The opinion also shows that the board recognized that, in determining whether a cloth was woven figured, the test was the appearance of the cloth and not the manner of manufacture.

In the instant case the board referring to the exhibits now before us, says:

The appearance of the official samples is that of cloth with parallel diagonal lines, stripes, or ribs characteristic of the usual twill-woven fabrics, and the sole question, therefore, for our determination is whether these said lines or stripes in the cloth bring the merchandise within the classification of cotton cloth woven figured.

Seemingly, as determinative of the issue, it then quoted from its opinion in T. D. 37335 as follows:

Some cloth is figured by having designs woven therein with extra threads which are not part of the warp and filling threads, while others, like the twilled fabrics, basket-weave fabrics, etc., are figured by a process of manipulating the warp and filling threads. While the statute does not provide in specific language for plain woven cotton cloth, as it does for flax fabrics, it provides for "cotton cloth, and [not] * * * woven figured," which means cotton cloth having no figures woven therein.

Without further discussion, the board remarked that the "foregoing reasoning" upheld the collector's classification of the merchandise in this case.

If thereby it intended to hold, as matter of law, that because the cloth here was twill woven it was woven-figured, we disagree therewith. If it meant to hold, as matter of fact, that the appearance

presented by the cloth as produced by the weave warranted the conclusion that it was woven-figured, we also disagree. The surfaces of all the exhibits here present an homogeneous appearance; the weave is uniform throughout the entire fabric; there are no colored threads; no warp or weft threads of sizes perceptibly different from all or any of the rest; there are no figures, no designs, no dots, spots, or raised effects; there is nothing decorative or ornamental in any respect about these cloths that differentiates them from the plainest weave of one over and one under, except that the twill weave naturally imparts a more attractive or ornamental appearance to the surface than does the plain weave. It is reasonable to suppose that, in providing for woven-figured cloth, Congress had in mind that the figures woven would of themselves impart some attractive ornamental effect to the fabric. The ornamental appearance of the exhibits before us, so far as any exists, resides in what the board characterized as parallel, diagonal lines, stripes or ribs.

We are unable to discover anything upon these cloths that rises to the dignity of a stripe or rib. It is true that when held in a certain light the surface presents the appearance of minute, parallel diagonal lines, very close together, but we do not think such lines in any sense constitute a figure.

In this connection we note, for the purpose of preventing any misapprehension in the future, that one of the official samples contains at one end two lines of colored threads. They were not, however, referred to by the board, nor do counsel mention the same in the briefs or arguments here. Probably they represent the selvage on one end of the web. We have disregarded them in determining the issues.

While his testimony (though wholly undisputed, because the Government called no witnesses) is not of controlling importance, yet it may be noted that a witness called by importer, apparently disinterested and of considerable technical and commercial experience, testified that these cloths were one of the "most simple" known to the textile industry; that they were "plain twills," and were not woven-figured.

Importer claims, and the Government does not dispute it, that the interpretation of the statute adopted by the board would limit the provision for bleached and unbleached cotton cloths in paragraph 903 to the one under and one over method of weaving. It would seem that Congress could not have so intended. But however this may be, we are confident that both reason and authority require us to hold that none of the cotton cloths in this case are woven-figured.

The judgment of the Board of General Appraisers is *reversed.*