AMERICAN SHIPPING CO., HUSNEY & CO. *v.* UNITED STATES (No. 3752)[1]

United States Court of Customs and Patent Appeals, April 30, 1934

*Brown & Carter* (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellants.
*Charles D. Lawrence*, Assistant Attorney General (*Thomas J. Canty*, special attorney, of counsel) for the United States.

[Oral argument April 6, 1934, by Mr. Brown and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges[2]

LENROOT, Judge, delivered the opinion of the court:

This appeal involves the classification of certain cushion covers made by cutting an unfigured pile fabric to size, painting or stenciling it with a picture of a landscape, and sewing on the back a plain woven fabric, with one end open for the insertion of a cushion. The merchandise was imported at the port of New York and was classified and assessed with duty by the collector at the rate of 50 per centum ad valorem under paragraph 910 of the Tariff Act of 1922. Appellants protested said classification and assessment with duty, making various claims; the sole claim insisted upon here is that the merchandise is dutiable at 40 per centum ad valorem under the provisions of paragraph 921 of said act.

The competing paragraphs are as follows:

PAR. 910. Pile fabrics, composed wholly or in chief value of cotton, including plush and velvet ribbons, cut or uncut, whether or not the pile covers the whole surface, and manufactures, in any form, made or cut from cotton pile fabrics, 50 per centum ad valorem * * *.

PAR. 921. All articles made from cotton cloth, whether finished or unfinished, and all manufactures of cotton or of which cotton is the component material of chief value, not specially provided for, 40 per centum ad valorem.

No testimony was introduced before the trial court, but the case was submitted upon the following stipulation:

It is hereby stipulated and agreed by and between the parties hereto that the merchandise represented by the exhibit in evidence consists of cushion covers. They are made by cutting an unfigured pile fabric to size and painting or stenciling it and sewing on a plain woven back. The cost of the painting or stenciling is about one half the value of the pile fabric and the cost of the plain woven back is about one third of the value of the pile fabric. The protest may be submitted, thirty days after submission being allowed to the plaintiff for brief and thirty days thereafter to the defendant.

The trial court held that the articles involved were properly classified and assessed with duty by the collector, and from its judgment appellants have taken this appeal.

[2] Hatfield, J., did not participate in this case.

The position of appellants is thus stated in their brief:

The importers claim that these cushion covers are articles manufactured only in part of pile fabrics and because of the additional nonpile processes and components they are not "made or cut from cotton pile fabrics" within the meaning of the statute as that expression has been previously construed. The cushion covers, therefore, are dutiable at only forty per centum ad valorem under the residuary provision for manufactures of cotton in paragraph 921.

It will be observed from the stipulation that pile fabric is the component material of chief value of the involved merchandise. It is the general rule that when the terms "composed of", "made of", "manufactured of", etc., are used in tariff statutes with reference to the component material of an article, it is sufficient, to warrant classification under such statutes, that the designated article be in chief value of such material. *Louisville Bedding Co.* v. *United States*, 14 Ct. Cust. Appls. 328, T.D. 41958; *United States* v. *Linen Thread Co.*, 13 Ct. Cust. Appls. 359, T.D. 41257. These cases, however, further hold that the rule should not apply where it appears from the context of the statute that Congress intended that said expressions should include only manufactures made substantially wholly out of the component material named.

We think there is another exception to the rule, viz, where there has been presumed legislative adoption of judicial interpretation of statutory language, even though it might now appear that such judicial interpretation was erroneous.

The language of paragraph 910 is: "* * * manufactures, in any form, made or cut from cotton pile fabrics, * * *." We do not think there is any distinction, in a tariff sense, between the terms "made of" and "made from," and the cases hereinbefore cited control the issue here if the aforesaid general rule is applicable.

Appellants rely upon the case of *Horstmann, Von Hein & Co.*, T.D. 24496, and legislative adoption of the construction there given to substantially the same language as is found in paragraph 910 here under consideration. The statute there involved was paragraph 315 of the Tariff Act of 1897, which reads as follows:

315. Plushes, velvets, velveteens, corduroys, and all pile fabrics, cut or uncut; any of the foregoing composed of cotton or other vegetable fiber, * * * if bleached, dyed, colored, stained, painted, or printed, twelve cents per square yard and twenty-five per centum ad valorem: * * * *Provided further*, That manufactures or articles in any form, including such as are commonly known as bias dress facings or skirt bindings, made or cut from plushes, velvets, velveteens, corduroys, or other pile fabrics composed of cotton or other vegetable fiber, shall be subject to the foregoing rates of duty and in addition thereto ten per centum ad valorem: *Provided further*, That none of the articles or fabrics provided for in this paragraph shall pay a less rate of duty than forty-seven and one half per centum ad valorem.

The merchandise involved in that case consisted of trimmings in ornamental and scroll work designs in colors, stamped or cut by

machine out of cotton velveteen fabric, and certain other trimmings which had undergone a further finishing process by having a heavy silk cord sewed around the edges of the trimmings, and a lace design sewed on the back of the same, showing through the open spaces of the trimming, giving an embroidered or appliqued effect. The Board of United States General Appraisers, now the United States Customs Court, held that the first class of trimmings above described was dutiable under said paragraph 315 as "manufactures or articles in any form, * * * made or cut from * * * velveteens * * *." Therefore, under the decision in said case, the process of painting or stenciling the design upon the fabric does not affect the classification of the merchandise here involved as a manufacture of pile fabric.

As to the second class of trimmings above described, the board held that they had become so changed in character, appearance, and value from the merchandise covered by said paragraph 315 as to bring them within the classification of paragraph 339 of said Tariff Act of 1897, presumably as cotton trimmings.

Appellants contend that, so far as the issue here is concerned, paragraph 910 of the Tariff Act of 1922 is substantially the same as paragraph 315 of the Tariff Act of 1897, and that Congress, in the enactment of said paragraph 910 of the Tariff Act of 1922, is presumed to have adopted the construction given by the Board of General Appraisers to said paragraph 315 of the Tariff Act of 1897.

We agree with this contention made by appellants, but the question remains whether the merchandise here involved is of such a character that, under said decision in the *Horstmann, Von Hein & Co.* case, *supra*, and under the rule there applied, this merchandise should be excluded from classification under said paragraph 910.

We find that in said decision of the board there was no finding as to the component material of chief value, and no discussion of the question here involved. The decision apparently rested upon the proposition that, after trimmings had been made from pile fabrics, and had become articles manufactured therefrom within the purview of said paragraph 315 there involved, they underwent other processes, such as sewing a silk cord around the edges thereof and a lace design upon the backs thereon. In other words, in that case an article manufactured from pile fabric was so transformed by additional processes of manufacture that, in the opinion of the board, the final product should not be held to be a manufacture of pile fabric, and, viewed in this light, said decision was a decision upon the particular facts there involved.

It is unnecessary for us to express any opinion upon the correctness of the conclusion there reached, and if the merchandise here involved were substantially similar to the merchandise involved in said case, and if the issue here were the same as the issue there, we should be

governed by the rule of legislative adoption of judicial decision. We do not, however, feel that we should be so bound where the merchandise in the two cases is not the same, and the issues apparently are different. In the case at bar, after the pile fabric was cut and the designs place thereon, it was not a complete article of manufacture so far as the record discloses, although it probably would be held to be a partially manufactured article. When the cotton back was sewed on, it then became a manufacture analogous, we think, to the trimmings of the first class dealt with in the *Horstmann, Von Hein & Co.* case, *supra*, which were held by the board to be manufactures of the fabric there involved under said paragraph 315 of the tariff act of 1897.

In the case relied upon, the articles, before the silk cord and lace back were applied thereto, were trimmings made or cut from pile fabrics. It appears from the decision that the Board of General Appraisers attached significance to these facts, which are not present in the case at bar.

However, had the Board of General Appraisers in said case held that the articles there involved were not made from pile fabric, within the meaning of paragraph 315 of the Tariff Act of 1897, because, although in chief value thereof, they were not made wholly therefrom, then said decision would be applicable to the case at bar and should control our decision here, under the rule of legislative adoption of judicial decision. Not having so held, and the facts with respect to the merchandise there involved being so different from the facts with respect to the merchandise here involved, we conclude that said case should not control our decision here.

We think it proper to add that we find nothing in the decision in said *Horstmann, Von Hein & Co.* case, *supra*, to indicate that if the facts in the case at bar had been there present the same conclusion would have been there reached, the additional processes involved in the merchandise there considered being much more extensive than the process of sewing a cotton back to the pile fabric, as applied to the merchandise here involved.

As we find nothing in the context of paragraph 910 of the Tariff Act of 1922 to indicate that the rule of the component material of chief value should not be applicable, and as it is conceded by the stipulation that the component material of chief value of the merchandise here involved is cotton pile fabric, we are of the opinion that it was correctly classified under said paragraph 910, and the judgment of the United States Customs Court should be, and it is, *affirmed*.