(C. D. 314)

COHN & LEWIS *v.* UNITED STATES

United States Customs Court, First Division

(Decided April 10, 1940)

*Puckhafer, Rode & Rode (John D. Rode* of counsel), *John R. Rafter,* and *Brooks & Brooks (Frederick W. Brooks* of counsel), associate counsel, for the plaintiffs.
*Webster J. Oliver,* Assistant Attorney General (*Joseph F. Donohue* and *John J. McDermott,* special attorneys, and *Francis X. O'Donnell,* junior attorney), for the defendant.
*Black, Varian & Simon* and *Lamb & Lerch, amici curiae.*

Before BROWN, TILSON, and KINCHELOE, Judges

BROWN, Judge: This suit against the United States was brought at New York to recover certain customs duties claimed to have been illegally exacted upon an importation of wool hoods.

The merchandise was classified by the collector of customs under subdivision (b) of paragraph 1115, Tariff Act of 1930, as amended by Presidential Proclamation, T. D. 44715. It is claimed to be dutiable under subdivision (a) of that paragraph.

Paragraph 1115 reads as follows:

PAR. 1115. (a) Clothing and articles of wearing apparel of every description, not knit or crocheted, manufactured wholly or in part, wholly or in chief value of wool, valued at not more than $4 per pound, 33 cents per pound and 45 per centum ad valorem; valued at more than $4 per pound, 50 cents per pound and 50 per centum ad valorem.

(b) Bodies, hoods, forms, and shapes, for hats, bonnets, caps, berets, and similar articles, manufactured wholly or in part of wool felt, 40 cents per pound and 75 per centum ad valorem; and, in addition thereto, on all the foregoing, if pulled, stamped, blocked, or trimmed (including finished hats, bonnets, caps, berets, and similar articles), 25 cents per article.

As this was a retrial of a former issue, the records in *Cohn & Lewis* v. *United States*, 25 C. C. P. A. (Customs) 220, T. D. 49335, and the applicable portion of the record in *Neumann-Endler, Inc.* v *United States* (*Majestic Forwarding & Shipping Co.*, party in interest), 27 C. C. P. A., 306 C. A. D. 105, February 26, 1940, decision below, 1 Cust. Ct. 163, C. D. 43, were incorporated at the trial in New York and extensive additional evidence taken.

The records in these incorporated cases establish beyond a doubt that wool hoods like these in question are first formed of carded wool and are later felted, and that the felt which appears in the hoods does not at any stage of their manufacture exist independently of the hoods.

From the authorities cited in the original *Cohn & Lewis* case it must be taken as a settled rule of customs construction, as therein stated—

that from the first session of this court it has been a uniform and well-settled holding that the language "made of" or "manufactured of" presupposes that the material of which the article is made or manufactured exists before the article itself comes into existence. (25 C. C. P. A. (Customs) at page 225.)

Unless, therefore, there is some new evidence in the case at bar which presents a different factual situation no reason would be apparent why there should be a different finding than that which the Court of Appeals made with respect to identical merchandise in *Cohn & Lewis* v. *United States*, *supra*, and by this lower court in the *Neumann-Endler* case, *supra*.

The Court of Appeals in the *Cohn & Lewis* case followed the settled customs rule, established years ago, whereby the courts held that a material named in conjunction with the phrase "manufactured of," "made of," or similar phrases must have existed as a material separate and apart from the article for which it was named as a material, and that, otherwise, such article could not be said to be manufactured or

made of such material, and that, therefore, articles identical with those before us did not come under paragraph 1115 (b), but were properly classified under subdivision (a). See also *Alfred Kohlberg* v. *United States*, C. A. D. 111, decided March 20, 1940, where the Court of Appeals refers to the rule of the *Cohn & Lewis* case as settled law.

The Government makes two contentions as to why the case of *Cohn & Lewis*, 25 C. C. P. A. 220, should not be followed.

(1) Because it is claimed that paragraph 1115 (b), if the Court of Appeals were right in that case, is given no meaning. A careful examination of the new record before us shows that on the weight of the evidence in that record, and in the incorporated records, that is not the case, but, on the contrary, there would still be articles made directly, in whole or in part, from the completed material felt, which would fall under paragraph 1115 (b).

This same argument was made before the Court of Appeals in the *Cohn & Lewis* case and the weight of the evidence is not different here.

(2) The Government contends that the flimsy veil of wool which comes out of the carding process, requiring two sheets of paper to hold it together, is itself a form of the material felt.

Although some Government witnesses made that assertion their cross-examination disclosed it more as an assertive inference than an actual reality. They admitted that it was not a commercial felt.

The attempt to prove it by scientific methods seems also to us, after careful study, to have completely failed. If that were not so the scientific meaning would not govern as tariffs are made to govern merchants in the language of trade and commerce.

The weight of the evidence in the record made in this case and in the incorporated records before us as well as the sample itself convinces us that it would be an abuse of language to call that thin, flimsy carding veil of wool the material felt. That theory, therefore, does not avoid or distinguish the Court of Appeals' ruling in the *Cohn & Lewis* case.

We are unable to see that the cases of *Church of the Holy Trinity* v. *United States*, 143 U. S. 457, *Hawaii* v. *Mankichi*, 190 U. S. 197, and the line of similar cases cited by the Government brief, have any bearing upon the controversy before us.

We are also unable to see any possible legal bearing upon the controversy before us of the cases of *Norwegian Nitrogen Products Co.* v. *United States*, 288 U. S. 294; *Feltex Corp.* v. *Dutchess Hat Works*, 21 C. C. P. A. 463, T. D. 46957; *United States* v. *Best & Co., Inc.*, 24 C. C. P. A. 227, T. D. 48667, *Louisville Bedding Co.* v. *United States*, 14 Ct. Cust. Appls. 328, T. D. 41958, or *United States* v. *Linen Thread Co.*, 13 Ct. Cust. Appls. 359, T. D. 41257, cited in one of the *amici curiae* briefs filed on behalf of certain unnamed domestic producers.

We therefore find as facts herein:

1. That the wool hoods in question are not manufactured, wholly or in part, from wool felt.

2. That the exclusion of wool hoods like or similar to those in question from classification under subdivision (b) of paragraph 1115 does not deprive that provision of all application.

3. That, even from a scientific standpoint, the material of which the wool hoods were manufactured is not wool felt. We also hold as a matter of law, as follows:

1. That the wool hoods in question are not described or provided for in subdivision (b) of paragraph 1115.

2. That, even if the exclusion of wool hoods like or similar to those in question would deprive that provision of all operation, it would nevertheless be erroneous to classify such articles thereunder, because they are not described therein.

3. That, even if the material of which the wool hoods in question were manufactured was scientifically wool felt, it is not wool felt within the meaning of subdivision (b) of paragraph 1115.

Judgment will therefore issue sustaining the claim in the protest for classification under paragraph 1115 (a), Tariff Act of 1930.