**No. 44488.**—Protest 980142–G of How Kee & Co. (San Francisco).

Opinion by CLINE, J.   The record showed that the fish sounds were put up in bundles and tied with string and that the bundles were packed in cases without any intermediate covering, the cases being marked "China," but the sounds bearing no marking.   As the immediate containers of the goods involved herein were marked at the time of importation the protest was sustained on the authority of *Kraft* v. *United States* (22 C. C. P. A. 111, T. D. 47103).

**No. 44489.**—Protest 997040–G/11758 of American Import Co. (New Orleans).

Opinion by CLINE, J.   Willow baskets in nests, some containing three baskets and others containing two dozen, were not covered with any packing material but were fastened together by wire.   A shipping tag bearing the words "Made in Poland" was attached to the wire on each package.   It was claimed that the wire was the immediate container of the baskets.   The court held that Congress in using the words "immediate container" intended a container in the nature of a covering.   *Kronfeld* v. *United States* (5 Ct. Cust. Appls. 222, T. D. 34399) cited. The baskets in question were held not legally marked and the protest was overruled.   Abstracts 23829 and 43817 cited.

**No. 44490.**—Protest 965643–G of Fung Chong & Co. (San Francisco).

Opinion by CLINE, J.   It was held that the immediate containers of the goods were the cases and that they were legally marked.   On the authority of *Kraft* v. *United States* (22 C. C. P. A. 111, T. D. 47103) the protest was sustained.

BEFORE THE FIRST DIVISION, OCTOBER 10, 1940

**No. 44491.**—Protest 482498–G of Feltex Corp. (New York).

Opinion by BROWN, J.   It was stipulated that the merchandise is bodies, hoods, forms, or shapes similar to those the subject of *Cohn* v. *United States* (4 Cust. Ct. 166, C. D. 314).   The protest was therefore sustained.