**No. 44640.**—Protests 986273–G, etc., of Frank A. Blum & Sons et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358), it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

BEFORE THE FIRST DIVISION, OCTOBER 29, 1940

**No. 44641.**—Protest 959089–G of Lightolier Co. (New York).

Opinion by BROWN, J. On the authority of *Lightolier* v. *United States* (1 Cust. Ct. 134, C. D. 36) the protest was overruled.

**No. 44642.**—Protests 543050–G, etc., of Amberg Schwab & Co., Inc., et al. (New York).

Opinion by BROWN, J. It was stipulated that the merchandise is bodies, hoods, forms, or shapes similar to those the subject of *Cohn* v. *United States* (4 Cust. Ct. 166, C. D. 314). The protests were therefore sustained.

BEFORE THE THIRD DIVISION, OCTOBER 29, 1940

**No. 44643.**—Protests 905868–G, etc., of J. Sammes (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

**No. 44644.**—Protests 20922–K, etc., of Ampol, Inc., et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.