BEFORE THE FIRST DIVISION, JANUARY 9, 1941

**No. 45138.**—Protests 697906–G, etc., of Henry Pollak, Inc. (New York).

Opinion by BROWN, J.   It was stipulated that the merchandise is similar to that the subject of *Cohn* v. *United States* (4 Cust. Ct. 166, C. D. 314).   The protests were therefore sustained.

**No. 45139.**—Protests 938900–G, etc., of Max Gross, Inc. (New York).

Opinion by BROWN, J.   It was stipulated that the merchandise is similar to that the subject of *Cohn* v. *United States* (4 Cust. Ct. 166, C. D. 314).   The protests were therefore sustained.

**No. 45140.**—Protests 500459–G, etc., of Jimmie Marcus, Inc., et al. (New York).

Opinion by BROWN, J.   It was stipulated that the merchandise is similar to that the subject of *Cohn* v. *United States* (4 Cust. Ct. 166, C. D. 314).   The protests were therefore sustained.

**No. 45141.**—Protests 991212–G, etc., of H. W. Robinson & Co. (New York).

Opinion by WALKER, J.   It was stipulated that the merchandise invoiced as "Grape Guest Soap" and "Giant Grape Guest Soap" consists of toilet soap in the form of a cluster of grapes.   Following *Shallus* v. *United States* (13 Ct. Cust. Appls. 87, T. D. 40937) and Abstract 47154 the merchandise in question was held dutiable as soap at 30 percent under paragraph 80 as claimed.

BEFORE THE SECOND DIVISION, JANUARY 9, 1941

**No. 45142.**—Protest 23532–K of Bullocks, Inc. (Los Angeles).

Opinion by TILSON, J.   Counsel for the respective parties agreed that the merchandise consists of woven mufflers similar in all material respects to those the subject of Abstract 44055.   They were found to be woven mufflers in chief value of silk, hemmed or hemstitched, and held dutiable at 60 percent under paragraph 1209 as claimed.