**No. 49122.**—Protests 5007–K, etc., of Choungo Tea Garden et al. (New York).

Opinion by COLE, J. The merchandise was classified and claimed dutiable at the same rates and under the same paragraphs as similar merchandise covered by the decision in *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247). In accordance with stipulation of counsel and on the authority of said cited case the merchandise at bar was found to contain salt and was therefore excluded from paragraph 5 (chemical compounds). The protests were sustained to this extent.

**No. 49123.**—Protest 105832–K of Jimmie Marcus Import Co., Inc. (New York).

Opinion by COLE, J. It was stipulated that certain of the merchandise in question consists of wool hat bodies the same in all material respects as those passed upon in *Cohn* v. *United States* (4 Cust. Ct. 166, C. D. 314), the record in which case was incorporated herein. In accordance therewith the items in question were held dutiable as claimed.

BEFORE THE SECOND DIVISION, JANUARY 12, 1944

**No. 49124.**—Protests 72019–K, etc., of G. Hirsch Sons, Inc. (New York).

Opinion by TILSON, J. The record showed that certain items consist of fabrics, with fast edges, not exceeding 12 inches in width, the same in all material respects as those involved in Abstract 38647, the record in which case was admitted in evidence herein. In accordance therewith the fabrics which were imported and withdrawn for consumption prior to the French Trade Agreement (T. D. 48316) were held dutiable at 70 percent ad valorem plus 45 cents per pound under paragraph 1308, and those subsequent thereto at 45 percent plus 45 cents per pound under paragraph 1308 and the said trade agreement.