MILLER, STATE TAX COLLECTOR, v. YAZOO & M. V. R. Co.

(Division B. Feb. 23, 1931.)

[132 So. 597. No. 28812.]

P. C. Canizaro, of Vicksburg, and **Franklin, Easterling & Rosenthal**, of Jackson, for appellant.

606

R. C. Beckett, of Chicago, Ill., May, Sanders, McLaurin & Byrd, of Jackson, Chas. N. Burch and H. D. Minor, both of Memphis, Tenn., and R. V. Fletcher, of Chicago, Ill., for appellee.

**Griffith, J.**, delivered the opinion of the court.

The Mississippi levee district was created on November 27, 1865, at which time there was no railroad within its territory. The railroad, of which appellee is the successor in title, was constructed therein during the year 1885. At that time the manner of taxation for levee purposes, in so far as ad valorem taxes were concerned, was as provided in section 5, chapter 117, Laws 1878, which provision made an ad valorem levy as follows: "A uniform ad valorem tax of not more than five mills upon the assessed value of all property, real and personal, lying and situated in the counties" (naming them) "as the same shall appear upon the assessment rolls of said counties respectively."

In the year following the construction of the railroad, the Legislature enacter chapter 7, Laws 1886, under

which the mileage method of taxation was adopted for said levee district in respect to railroads. A tax of one hundred dollars per mile upon railroads was thereby levied, and it was expressly provided that this tax should as to railroads be in full of all levee taxes.

Although in succeeding years the levee laws went through the process of numerous amendments, there is no question but that throughout all of these changes the railroad levee tax in this district remained exclusively on the mileage basis, until the passage of chapter 125, Laws 1908, when the Act of 1886 was amended so as to raise the levee mileage taxes to the sum of two hundred dollars per mile. In this Act of 1908 there was omitted that express provision which had for twenty-two years theretofore been in all these acts; that is to say, the provision that the mileage tax should be in full of all levee taxes. The Act of 1908 was simply silent on that point. Nevertheless, the levee board and all the administrative and executive officers charged with any duty in respect to the revenues of the district construed the Act of 1908 as having made no change in the law as regards the effect that the mileage tax of two hundred dollars per mile was in full of all railroad levee taxes; and taxes were collected from the railroad exclusively on that basis. Six years thereafter and by chapter 282, Laws 1914, the law was again amended, using the identical terms of the Act of 1908, except that the mileage tax was raised to three hundred fifty dollars per mile. This is the last legislation material to the question before us. The railroad has continued to this day to pay its levee taxes on the mileage basis, and this suit is by the state tax collector to recover, in addition, the general ad valorem tax on the assessed valuation of the railroad as assessed by the state tax commission.

Although the foregoing history of the legislation on this subject is but a thumb-nail sketch, enough is shown to disclose that from the beginning of the existence of railroads in the district the mileage basis has been the

original and the uniformly observed method of railroad taxation for levee purposes in that particular district. Beginning with the first railroad levee act in 1886 down to this date, the subject of railroad levee taxes in that district has been separately treated in separate acts, and always as to general ad valorem taxes the provision has been that these taxes shall be upon the property real and personal "as the same shall appear upon the assessment rolls of said counties respectively."

It appears to us, therefore, as a question which admits of some considerable doubt in the matter of statutory construction whether these statutes, all of them taken together, even after 1908, do not of themselves confine railroad levee taxation in this particular district solely to the mileage basis. In this situation of admissible doubt the construction uniformly placed upon the statute of 1908, and uniformly followed by every executive and administrative officer charged with its execution and administration, must now be accepted as the correct construction, in view of the fact that in 1914, six years thereafter, the statute was re-enacted in exactly similar language. U. S. v. Cerecedo, etc., 209 U. S. 337, 339, 28 S. Ct. 532, 52 L. Ed. 821; U. S. v. G. Falk & Bros., 204 U. S. 143, 27 S. Ct. 191, 51 L. Ed. 411.

The principle that the re-enactment by the Legislature, without change, of a statute, not free from doubt, which had previously received long-continued executive and administrative construction, is an adoption by the Legislature of that construction, has an added strength as applied to this case; because under section 234, Const. 1890, no bill affecting the revenues of the levee district can be considered by the Legislature until it has been published in a newspaper in the district for four weeks prior to the introduction thereof in the Legislature. Therefore, when the bill in 1914 was introduced, it had been previously published to all the people of the district; and it could be easily seen that it was in the same language as the Act of 1908 under which it was known,

or could have been known, to every taxpayer in the district that the uniform and unquestioned previous construction for the past six years—long enough to give everybody notice and knowledge—had been that the mileage tax was the only railroad levee tax. If then there was any purpose either in the Legislature or on the part of taxpayers to change the meaning and effect under the Act of 1914 so as to include the general property ad valorem taxes in addition to the mileage tax, then was the time to do it, and in express language. But this was not done, has never since been done, and we deem the issue as now foreclosed.

Affirmed.