WHITE, STATE AUDITOR, *v.* MILLER, STATE TAX COLLECTOR, *et al.*

(Division B.    March 23, 1931.    Suggestion of Error Overruled, May 12, 1931.)

[133 So. 146.    No. 29347.]

See, also, Miller v. White, 133 So. 144.

**J. A. Lauderdale**, Assistant Attorney-General, for appellant.

Chalmers Potter, of Jackson, S. C. Mize, of Gulfport, and J. H. Sumrall, of Jackson, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellees brought this action in the circuit court of Hinds county against appellant for a writ of mandamus, requiring appellant to receive and file a report of appellee Havens, tax collector of Harrison county, showing collections of privilege taxes, and damages thereon, and deductions therefrom of commissions claimed by him, and also by the state tax collector. There was a trial before the circuit judge, sitting as both judge and jury on appellees' petition for the writ of mandamus, and appellant's plea thereto, and evidence, resulting in a judgment in appellees' favor. From that judgment appellant prosecutes this appeal.

The question in the case is whether both the state tax collector and the county tax collector are entitled to commissions on the damages imposed by law on delinquent privilege taxpayers, where such delinquent taxes and damages are collected by the county tax collector at the instance of the state tax collector.

The evidence in the case established the material allegations of appellees' petition for the writ of mandamus. Probably no better statement of the case could be made than to set out the petition itself, which, leaving off the formal parts and the exhibits, is as follows:

"Comes W. J. Miller, State Tax Collector, who sues in the name of the state of Mississippi for aid in the conduct of his official duties, and J. W. Havens, Sheriff, and Tax Collector of Harrison county, Mississippi, who would respectfully show unto the court the following facts, to-wit:

"Your petitioner, W. J. Miller, is the duly elected, qualified and acting state tax collector of the state of Mississippi, and J. W. Havens is the duly elected, qualified and acting tax collector of Harrison county, Mississippi.

"Your petitioner, W. J. Miller, would further show that by law it is made his duty to proceed by suit, in the proper court, against all persons, corporations, companies, and associations of persons, for all past-due and unpaid taxes of every kind whatever except income and inheritance taxes.

"It is also made the duty of petitioner, W. J. Miller, to investigate the books, accounts and vouchers of all fiscal officers, and depositories of the state, and of every county, municipality, levy board and taxing district of every kind, and to sue for, collect and pay over all money improperly withheld by such fiscal officer of depository.

"Your petitioner, W. J. Miller, would further show that in the performance of the duties imposed upon him by law, and in the exercise of the powers conferred upon

him by law, where privilege taxes due to the state of Mississippi, or any municipality or levee district thereof, are discovered to be past due and owing he proceeds, as all of his successors in office have done, in the following manner to bring about the collection of such taxes, together with such damages as may be imposed by law for such delinquency.

"Your petitioner, as state tax collector appoints deputies who are competent to perform the duties necessary in connection with such matters, and said deputies are sent to the several counties of the state, charged with the duty of making such investigations as may be necessary to discover whether or not any person, firm or corporation may be engaged in any business, occupation or calling for which a privilege tax is imposed by the laws of the state, without the payment of such privilege tax.

"When such deputies discover any person, firm or corporation engaged in any business for which a privilege tax is required, and when such person, firm or corporation is unable to exhibit a proper license covering the period when such privilege was enjoyed, and if upon examination of the records of the tax collector, charged with the duty of collecting such tax, there is no record of the issuance of any proper license to such person, firm or corporation, then such deputies upon the facts obtained from such examination and investigation, following the proceeding provided by statute, by taking the steps necessary to enforce the payment of such delinquent taxes through the local tax collector.

"The person, firm or corporation discovered to be delinquent for the privilege tax is notified of such delinquency, and the discovery thereof, by a printed form upon which is written the name and address of the delinquent, the section of law imposing the tax upon the business, profession or calling, etc., the period for which the tax is delinquent, the amount of the privilege tax for each

year and the damages imposed by law for such tax for the delinquency, and the total amount due for both tax and damages, for the period of delinquency, which notice and demand also contains the name of the tax collector of whom collection of said tax and damages has been required, he being the local tax collector, primarily charged with the duty of collecting the tax and damages, and having the right to take coercive measures provided by statute, and he alone being authorized to issue the license and make the record of issuance thereof, in all except certain specified cases.

"Your petitioner would show unto the court that prior to the first day of September, 1930, a certain deputy of petitioner, W. J. Miller, state tax collector, discovered that certain persons operating businesses in Harrison county, Mississippi, upon which privilege taxes were required, had not made payment of the privilege taxes so required to the county tax collector, and upon such discovery the deputy made demands upon the tax payers, copies of said demands being hereunto attached and marked Exhibits 1, 2, 3, 4, 5, 6, 7, 8, 9, and prayed to be taken and considered a part hereof as fully and completely as if copied herein, and thereafter said petitioner, W. J. Miller, as state tax collector, notified the tax collector of Harrison county, Mississippi, that the privilege taxes above referred to, and due and owing by the parties set up in Exhibits 1, 2, 3, 4, 5, 6, 7, 8, 9, were past-due and unpaid by the persons, firms or corporations shown thereon, a copy of said notification and demand upon the tax collector of Harrison county, Mississippi, to proceed with the collection of said delinquent privilege taxes being hereto attached and marked Exhibit 10, and prayed to be taken and considered a part hereof as fully and completely as if copied herein.

"Your petitioner would show unto the court that the sheriff and tax collector of Harrison county, to-wit: Jo-

seph W. Havens, did not know, prior to the demand made upon him to proceed with the collection of said delinquent privilege taxes, that the parties owing said privilege taxes were delinquent, and said matter was first called to his attention by the action of your petitioner, W. J. Miller, as above set forth, and acting upon said information and said demand, and solely because of such information and demand, said sums were collected by said Joseph W. Havens, as a result of the activities of petitioner, W. J. Miller, and said delinquent privilege taxes would not have been collected by the said Havens except for such activities on the part of petitioner, W. J. Miller.

"Your petitioner would show that thereafter, as was required of him by law, petitioner Joseph W. Havens filed with the defendant, Carl C. White, Auditor of Public Accounts of the state of Mississippi, a certain report, showing the amount of delinquent privilege taxes collected by him at the instance of the state tax collector, from the first day of August, 1930, to the first day of September, 1930, a copy of said report being hereto attached and marked Exhibit 11, and prayed to be taken and considered a part hereof as fully and completely as if it copied herein, and petitioner, Joseph W. Havens, tendered with said report his remittance, less the commissions allowed him by law, and also less the commissions allowed petitioner W. J. Miller by law.

"Your petitioners would show that the defendant, White, received said remittance, but refused to receive and accept, the report accompanying said remittance, as shown by letter from the said defendant, White, to petitioner Havens, a copy of said letter being hereto attached and marked Exhibit 12, and prayed to be taken and considered a part hereof as fully and completely as if copied herein.

"Your petitioners would show that the said White is now contending that petitioner W. J. Miller is not entitled to receive the twenty per cent commission allowed

him by law for his services in connection with the collection of delinquent taxes above set forth, and is demanding from and of petitioner Havens the twenty per cent deducted by the said Havens, to-wit, the sum of two hundred eighty-nine dollars and twenty cents, and is now attempting to hold that your petitioner, Havens, is in default under the provisions of an opinion issued by the attorney general of the state of Mississippi, to said defendant White, and is advising petitioner, Havens, that in the event of failure on his part to settle upon the basis of the opinion of the attorney general, a copy of which is hereto attached, marked Exhibit 13, and prayed to be taken and considered a part hereof as fully and completely as if copied herein, that said petitioner Havens will be liable for the thirty per cent penalty.

"Your petitioners would show that unless and until the said report is received and filed by the defendant as state auditor, as required by law, there can be no final settlement of the items therein shown, as between the petitioner, Havens, and the state of Mississippi, and as between the petitioner Havens and the petitioner Miller, and the receipt of said report by the said defendant, White, is a duty imposed upon him by law, the performance of which the law specifically enjoins, as a duty resulting from his office, and the petitioners have not a plain, adequate and speedy remedy in the ordinary course of the law."

The correctness of the exhibits was agreed to by a stipulation between the parties, made a part of the record.

Section 6999 of the Code of 1930 provides, among other things, that the state tax collector shall retain 20 per cent, of all amounts collected and paid over by him. This provision of the statute has been brought forward in substantially the same form in all the codes and statutes since the Code of 1892. Construing the statute in Adams, State Revenue Agent, v. Bolivar County, 75 Miss. 154, 21 So. 608, the court held that the revenue agent was entitled to the compensation provided by statute, where he

made an investigation of a defaulting tax collector's accounts, and the money was afterwards paid over either to him or to some other official entitled to receive it, regardless of whether he had brought suit therefor. The holding of the court in the Bolivar County Case was recently reaffirmed in Miller v. Henry, 139 Miss. 651, 103 So. 203.

Section 225 of chapter 88 of the Laws of 1930 makes it the duty of the county tax collectors to collect all delinquent privilege taxes and the damages thereon; and "account for all such penalties, less commissions, as they are required to account for other privilege taxes." Substantially all this same provision has been a part of the revenue statutes of the state for many years, having been re-enacted time and again. Section 239 of chapter 88 of the Laws of 1930 is in this language: "On all privilege taxes not paid during the month when due and on which a penalty is collected, the tax collector making such collection shall be entitled to retain one-fourth of said damages, as compensation for his extra services, in addition to the regular commission now allowed by law on regular collections; provided however that if such collection is made by such tax collector, at the instance of the state tax collector, or through his authorized deputies, the said tax collector shall receive only ten per cent of said damages, in addition to the regular commissions allowed by law on regular collections."

It is true that there is no decision of the Supreme Court directly in point sustaining the contention of either side in this case. Nevertheless, it has been the unvarying custom for many years for both the state tax collector and the county tax collector to retain their commissions out of the damages collected from delinquent privilege taxpayers when collected at the instance of the former. As set out in the petition in this case, that has long been the construction put on the statutes involved by the different departments of the state government. All departments

of the state government concerned therewith have been governed in their acts by that construction. In re-enacting the statutes the Legislature is presumed to have known of, and adopted, such construction. This principle applies with special force where a statute is not entirely free from doubt. W. J. Miller, State Tax Collector, v. Yazoo & M. V. R. Co. (Miss.), 132 So. 597; U. S. v. Cerecedo Hermanos Y. Compania, 209 U. S. 337-339, 28 S. Ct. 532, 52 L. Ed. 821; U. S. v. G. Falk & Bro., 204 U. S. 143, 27 S. Ct. 191, 51 L. Ed. 411.

We think, by the enactment of section 239 of chapter 88 of the Laws of 1930, the legislature, in plain and unmistakable terms, put that construction on the statute. It provides that the county tax collectors shall receive one-fourth of the damages collected on delinquent privilege taxes, as compensation for their extra services, and, in addition their usual commissons allowed by law on regular collections, unless such delinquent privilege taxes are collected at the instance of the state tax collector, or through his authorized deputy. In such cases the county tax collectors are to receive only ten per cent of the damages, in addition to their regular commissions. The statute clearly implies that, where the state tax collector has a part in the collection, then the county collector's commissions on the damages are reduced from twenty-five per cent to ten per cent, for the reason that the state tax collector also receives his commission on the damages.

The state loses nothing if the position of appellee be correct, because, after deducting the commissions provided for both the state tax collector and the county tax collectors, there is still left more than one hundred per cent of the original privilege tax due.

Affirmed.