GULLY, STATE TAX COLLECTOR, *v.* JACKSON INTERNATIONAL Co.

(Division B. Feb. 13, 1933.)

[145 So. 905. No. 30419.]

G. R. Nobles and W. H. Hughes, both of Jackson, for appellant.

Chambers & Trenholm, of Jackson, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action in the circuit court of Hinds county against appellee to recover the privilege tax provided for by section 171, chapter 88, Laws 1930, and the statutory damages thereon. Appellee pleaded specially to the declaration, to which plea appellant demurred, which demurrer was overruled by the court, and appellant declining to plead further, final judgment was entered dismissing the suit, from which judgment appellant prosecutes this appeal.

The declaration is in two counts. The first count charged that appellee had been engaged for a two-year period, beginning June 1, 1930, in the business of selling tractors; the second count charged that appellee had been engaged for that period in the business of selling tractors "and/or road machinery" without first paying the tax required by said section. The special plea set up in substance that appellee had not been engaged in selling any road machinery or tractors for road use during the two-year period, but had sold only trucks and farm tractors, which were of an entirely different type of construction from road tractors and not suitable or intended for use in the construction or maintenance of roads; that appellee had paid an automobile dealer's license for selling trucks, and a store license for selling farm tractors and farm machinery; that the state tax commission, a department of the state government having the duty of collecting the tax, was empowered by statute (section 2, chapter 238, Laws 1930) to make rules and regulations for the application of the privilege tax statute; that accordingly the commission, in a formal order entered September 15, 1931, promulgated a rule or regulation for the application of the particular section here involved, declaring that persons selling farm machinery and tractors for farm use were not subject to the tax. A copy of the order of the state tax commission was made a part of the special plea. The demurrer to the special plea contained

several grounds, all of which mean the same thing, namely, that under the statute appellee was subject to the license if it engaged in selling any kind of tractor whether for farm purposes or road construction or road maintenance. The trial court held that the construction placed upon the statute by the state tax commission was the proper one and overruled the demurrer.

The statute involved in section 171 of chapter 88, Laws 1930, which is in this language: "Sec. 171. Road Machinery Dealers.—Upon each person engaged in the business of selling tractors and/or road machinery, a state wide tax of two hundred dollars."

Appellant's contention is that the body of the statute needs no interpretation; that it is plain and unambiguous, and imposes the license upon each person engaged in the business of selling tractors, regardless of the kind or character of tractors and the use for which they are intended; while appellee contends that the statute is ambiguous, and therefore, in order to ascertain its meaning, resort must be had to its head lines or caption, "Road Machinery Dealers." We are of the opinion that appellee's contention is well founded.

It should be borne in mind that the demurrer admitted the allegation of the plea that farm machinery was not road machinery, and that farm tractors were of an entirely different construction from road tractors and not suitable or intended for use in maintaining public roads. The demurrer also admitted the averment of the plea that appellee had paid an automobile dealer's license and a store license. The privilege tax statute, of which section 171 is a part, contains 247 sections, and each section has a title, or rather a lead line. The title to chapter 88 is in this language: "An Act to revise the Privilege Tax laws of the state of Mississippi and to repeal all laws in conflict therewith, and to provide penalties."

Section 71 of the Constitution provides as follows: "Every bill introduced into the legislature shall have a

title, and the title ought to indicate clearly the subject-matter or matters of the proposed legislation. Each committee to which a bill may be referred shall express, in writing, its judgment of the sufficiency of the title of the bill, and this, too, whether the recommendation be that the bill do pass or do not pass.''

The Legislature realized that it would neither be practical or useful to undertake to comply with that provision of the Constitution in the form of one title preceding the enacting clause, which constitutes the first section of the statute. Such a title would probably take up as much as a fourth of the space occupied by the statute itself. The Legislature, instead of doing that, undertook to indicate the subject-matters of the statute by head lines or lead lines at the beginning of each section.

The constitutional requirement that ''the title ought to indicate clearly the subject-matter or matters of the proposed legislation'' is directory, not mandatory. State v. Phillips, 109 Miss. 22, 67 So. 651, L. R. A. 1915D, 530; City of Jackson v. State, 102 Miss. 663, 59 So. 873, Ann. Cas. 1915A, 1213. The Legislature, in the enactment of the privilege tax statute, undertook to comply with the Constitution by adopting a title in general terms preceding the enacting clause, followed, at the beginning of each section, by subtitles which are more in the nature of lead lines than titles. We think it apparent that these lead lines constitute a part of the statute; they are not ordinary titles. Without them some of the sections of the act would be incomplete and uncertain in meaning. The words ''Road Machinery Dealers'' were intended by the Legislature to qualify what followed. In other words, the Legislature intended to impose a privilege tax alone on the business of selling tractors and other machinery used for road construction or maintenance.

Where there is a constitutional provision requiring acts of the Legislature to correctly indicate their purpose, the title to an act, when the body of the act is ambiguous,

often possesses great importance in determining its meaning. In some jurisdictions having such a constitutional provision the courts have held that the title becomes a part of the act and is to be considered in construing it. 59 C. J., section 599, pages 1005, 1006; 25 R. C. L., section 267, pages 1031-1033. It is not necessary to go that far in the decision of this case. We hold that these headings to the various sections of the privilege tax statute are not titles, nor subtitles in a strict sense; they are lead lines, and these lead lines are a part of the statute itself. Leaving out of consideration the constitutional requirement, the statute would be incomplete without them. So reading the section of the statute here involved, it means this: That a state wide tax of two hundred dollars was imposed on all road machinery dealers engaged in selling tractors or other road machinery. If the symbol "and/or" had been left out of the statute, there would have been less doubt about its meaning. In this connection we approve what the Court of Appeals of Illinois said in the recent case of Tarjan v. National Surety Company, as reported in 268 Ill. App. 232; section 18 of the schedule of the Constitution of that state provided that all judicial proceedings should be conducted and preserved in the English language. The court held that this symbol "and/or" was not a part of the English language.

Laws are to be strictly construed against the taxing power. The power cannot be implied. All doubts must be resolved in favor of the taxpayer. Miller v. Illinois Cent. R. Co., 146 Miss. 422, 111 So. 558; State v. Grenada Cotton Compress Co., 123 Miss. 191, 85 So. 137; Board of Levee Commissioners v. Howze Merc. Co., 149 Miss. 843, 116 So. 92.

We are of the opinion. in construing the statute, that the construction put upon it by the state tax commission ought to be very persuasive. The commission put the construction upon the statute contended for by appellee.

' In the privilege tax act of 1932, chapter 89, the section here involved was rewritten as section 180 in that act and appears in two paragraphs. The last paragraph is in this language: "This section shall not be construed so as to impose a tax on persons selling farm tractors, or tractors adapted solely to agricultural purposes." The Legislature, when re-enacting this statute, is presumed to have known and adopted the construction placed thereon by the state tax commission. White v. Miller, 160 Miss. 734, 133 So. 146.

Affirmed.