199 So.2d 269 (1967)
Dexter BARR, Commissioner & Chairman of the State Tax Commission, Complainant-Appellant,
v.
DELTA AND PINE LAND COMPANY, Defendant-Appellee.
No. 44427.
Supreme Court of Mississippi.
May 22, 1967.
*270 Taylor Carlisle, James E. Williams, Jackson, for appellant.
Sillers, Roberts, Pearson & Eddins, Rosedale, for appellee.
PATTERSON, Justice.
This is an appeal from a decree of the Chancery Court of the First Judicial District of Bolivar County, wherein the court held that Delta and Pine Land Company was not liable for a tax levied on cotton gins at the rate of fifteen cents per bale ginned because the gins were owned by the company.
A stipulation of facts and testimony at the hearing shows that appellee owns and operates three cotton gins; that during the years of 1964 and 1965 appellee ginned 22,049 bales of cotton in the three gins; that all of the cotton ginned belonged solely to the appellee; that a tax of fifteen cents per bale was levied against the 22,049 bales ginned in 1964 and 1965, amounting to $3,307.35 plus penalties of $330.74, making a total of $3,638.09; that the tax was levied under Mississippi Code 1942 Annotated section 10111 (Supp. 1966) as construed by Rule 37(h) of the State Tax Commission Sales and Use Tax Rules promulgated July 1, 1964.
From 1938 until 1958 the statute in question levied a percentage tax on gross income of cotton gins. The statute was amended in 1958 so as to provide that the tax upon cotton gins would be at the rate of 15¢ per bale ginned. Before and after this change, the State Tax Commission under its administrative rules determined that no tax was due if the cotton ginned belonged to the owner of the gin since no gross income was derived therefrom. In 1962 the legislature provided for an increase in the tax, to 30¢ per bale, one-half of which was to be deposited in the state treasury for credit to a special fund of Mississippi State University for cotton research. In 1964 the tax reverted to 15¢ per bale. Section 10111, as enacted in Mississippi Laws 1964, Chapter 531, reads in part as follows:
Upon every person engaging or continuing in any of the following businesses or activities, there is hereby levied, assessed and shall be collected a tax equal to three and one-half per cent (3 1/2%) of the gross income of the business, except as otherwise provided:
* * * * * *
The tax on cotton gins shall be Fifteen Cents (15¢) per bale of cotton ginned.
Except for the percentage of tax on gross income, wording of the 1958 and 1962 statutes as amended is identical to the first paragraph of the above-quoted 1964 statute, and a reading of that part of the statute dealing with the tax on bales ginned reveals that except for amounts, there is no difference in the substance of their statements. In other words, the statute as passed in the legislature in 1958, 1962 and 1964, has, for purposes of this case, remained unchanged since 1958.
State Tax Commission Rule 37, promulgated in 1950, remained essentially the same through the years until July 1, 1964. Prior to that date the rule was substantially the same as that designated as Rule 37(g) by the commission in 1962, which is as follows:
Plantation Gin. A gin owner ginning cotton produced on his own farm is liable for the tax on that part of the gin tolls applicable to cotton gins for tenants and sharecroppers. No tax is due on the ginning of his personally owned crop or his rental interest in the cotton produced by his sharecroppers, since no income is derived from this portion of the operation.
The above-quoted rule was the commission's own interpretation of Mississippi Code 1942 Annotated section 10111 from *271 August 1, 1950, until July 1, 1964 when it adopted Rule 37(h) which reads:
Cotton gins are taxable on a fixed amount of 15¢ per bale. This per bale levy applies on the total ginning without regard to either the ownership of the seed cotton or the ownership of the gin, including plantation gins and partnership gins. No tax accrues on the charges of hauling to and from the gin or compress and sales of bagging and ties.
(Emphasis added.)
Appellant argues that the rule as originally adopted was a correct interpretation of Section 10111 as it was originally enacted, but that subsequent legislative amendments (by the Laws of 1958, 1962 and 1964) necessitated a change in the commission's construction of the statute; that prior to 1958 Section 10111 levied a percentage tax upon the gross income of cotton gins, as well as numerous other businesses and activities, and that thereafter, due to revision, Section 10111 levied a tax of a specific amount directly on the number of bales ginned, in effect changing the nature of the tax.
The appellee contends that both the legislature and this Court have approved the commission's former interpretation, as the legislature re-enacted the statute subsequent to the 1958 revision which computed the tax at 15¢ per bale ginned, thus adopting the construction placed thereon by the tax commission, and this Court in the case of Barr v. Owen, 161 So.2d 206 (Miss. 1964), affirmed without opinion on March 2, 1964 (before the change in the commission rule on July 1, 1964) a trial court holding that no tax was due under Section 10111 on partnership-plantation-type gins, as there was no gross income therefrom. In view of the legislative re-enactment of substantially the same statute, and the Court's approval of the same, both actions having been taken with knowledge of the commission's interpretation thereof, the appellee argues that the commission is left without authority to change its interpretation of the statute by adopting a new rule subsequent to and in frustration of legislative enactment and judicial approval.
The question to be determined is whether appellee is subject to the tax levied on cotton gins under Section 10111, as this statute is construed by State Tax Commission Rule 37(h) as promulgated on July 1, 1964.
The effect of subsequent acts of a legislature after administrative interpretation of a statute is set out in 2 Am.Jur.2d Administrative Law section 253 (1962):
The re-enactment of a statute after it has been construed by the agency charged with its enforcements, without materially altering the part construed, or without change indicative of a disapproval of a prior established construction, impliedly adopts the construction, especially where there are repeated re-enactments, as in the case of the former federal revenue acts, where the administrative construction has also had judicial approval, or where there is evidence that the legislature considered the administrative history of the statute or was advised of the construction.
When the legislature re-enacts a statute, it is presumed to know and adopt the construction placed thereon by the State Tax Commission. Gully v. Jackson International Co., 165 Miss. 103, 145 So. 905 (1933); White v. Miller, 160 Miss. 734, 133 So. 146 (1931).
Where the statute is ambiguous, as here, the rule that the legislature in reenacting statutes is presumed to have adopted the construction placed thereon, applies with special force. Miller v. Yazoo & M.V.R.R., 160 Miss. 603, 132 So. 597 (1931); White v. Miller, supra.
We reject appellant's contention that the case of Barr v. Owen, supra, can in no way be determinative of the question in the present case, because new Rule 37(h) had not been adopted at the time of that decision. We conclude that it is an adoption of the construction placed upon the statute by the *272 commission and as such is judicial approval of the commission's former act.
The construction of a statute by those administering it is usually binding on them or their successors, as the public relies on such construction. This does not mean that the administrative body is powerless to change the construction by a new rule under a changed situation or varied circumstances. However, either legislative re-enactment or court decision approving the rule of construction supersedes the administrative construction and places it beyond the power of the administrative body to repeal by subsequent rule change so long as the statute remains substantially unchanged. Cf. generally 2 Am.Jur.2d Administrative Law § 237 (1962), et seq.
It is true, as appellant argues, that the statute prior to 1958 levied a percentage tax upon the gross income of cotton gins, and thereafter, a tax of a specific amount on the number of bales ginned thus rendering it to a degree ambiguous. However, we are of the opinion that this did not require the promulgation of a new rule by the commission, as the preamble to House Bill 55, Chapter 574, Laws of Mississippi for 1958, which amended Section 10111, is indicative of the purpose of the bill which was "to simplify the payment of tax on cotton ginning by making it uniform at 15¢ per bale * * *." The legislature changed the method of collection, but it did not indicate that the section was to be applied to cotton gins other than those receiving a gross income from the business of ginning. The substance of the statute remained unchanged.
If, in fact, the trial court and this Court have failed to carry out the intent of the legislature in Section 10111, it is the prerogative of the legislature to remedy the situation by clear direction. Under the statute as written, interpretations thereof by the commission, subsequent re-enactment by the legislature and court approval, all prior to the promulgation of Rule 37(h), we affirm the decision of the trial court.
Affirmed.
ETHRIDGE, C.J., and JONES, INZER, and ROBERTSON, JJ., concur.